**Melissa Hurt LAFOY, Plaintiff–Appellant,**

v.

**HMO COLORADO, a Colorado corporation; Premier Care, Inc., a Colorado corporation, Defendants–Appellees.**

No. 92–1234.

United States Court of Appeals,
Tenth Circuit.

March 9, 1993.

---

Joseph M. Ricci, of Alexander & Ricci, Colorado Springs, CO, for plaintiff-appellant.

Mark A. Fogg and Dean A. McConnell, of Cooper and Kelley, P.C., Denver, CO, for defendant-appellee HMO Colorado.

Before LOGAN and MOORE, Circuit Judges, and LUNGSTRUM,* District Judge.

LOGAN, Circuit Judge.

Plaintiff Melissa Hurt Lafoy appeals from the district court's dismissal of her complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted. The issue presented is whether compensatory damages may be recovered by a beneficiary in an action for breach of fiduciary duty under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (ERISA).[1]

 The sufficiency of a complaint is a question of law that we review de novo, and we apply the same scrutiny to the complaint as the district court did. *Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th

Cir.1989). We will uphold a dismissal under Rule 12(b)(6) only when it appears that the plaintiff can prove no set of facts that would entitle her to judgment. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991). In making this determination, we must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991).

Plaintiff participated in her employer's ERISA-governed benefit plan. Defendant HMO Colorado furnished health insurance under the plan, and defendant Premier Care, Inc. administered the plan as HMO Colorado's agent. Plaintiff suffered from a multiple personality disorder, and she had been treated by Richard Caster, a psychiatrist, and Allen Greenfield, a psychotherapist, for this disorder for a number of years. Previously when she had needed to be hospitalized, she went to Cedar Springs Hospital in Colorado Springs, where Caster and Greenfield had privileges. Premier Care had authorized and HMO Colorado had paid the cost of her treatment and hospitalization.

In January 1991, plaintiff suffered an episode of multiple personality disorder that required hospitalization. She requested Premier Care to authorize treatment at Cedar Springs Hospital so Caster and Greenfield could treat her. Premier Care refused and directed that plaintiff go to St. Francis Hospital where neither Caster nor Greenfield had privileges. Though plaintiff apparently received treatment at St. Francis Hospital for her disorder, she claims she suffered irreparable psychological injuries because she was not treated by her regular therapists.

Plaintiff therefore brought this action alleging violations of state law and of ERISA's "prudent man" rule, 29 U.S.C.

---

\* Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously

that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

§ 1104(a)(1)(B), requiring plan fiduciaries to act solely in a beneficiary's interest. She alleges that defendants' refusal to authorize admission to Cedar Springs Hospital so that she could be treated by her regular therapists breached both health plan provisions and defendants' fiduciary duties and caused her permanent psychological injuries.

Defendants moved to dismiss on the basis that ERISA preempted her state law claims and that ERISA did not allow recovery by a participant for damages for breach of fiduciary duty. The district court granted defendants' motion. It deemed plaintiff's damages claim to be extra-contractual and therefore not recoverable under ERISA. It also found that ERISA preempted her state law claims.

■ On appeal, plaintiff contends only that the district court erred in failing to recognize that 29 U.S.C. § 1132(a)(3)(B) allows recovery for the injuries she suffered. Section 1132 provides civil remedies for violation of ERISA. Under § 1132(a)(3), a participant may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Plaintiff contends that her damages claim falls within the provision for "other appropriate equitable relief." She argues that her damages were the "actual and foreseeable" result of defendant's breach of the plan and that they are therefore not "extra-contractual" as the district court found. She also contends that recovery under § 1132(a)(3)(B) should be governed

by the law of trusts and that monetary damages are recoverable under trust law.

In *Settles v. Golden Rule Insurance Co.*, 927 F.2d 505, 510 (10th Cir.1991), we noted that the Supreme Court explained that through the remedies of § 1132(a), "Congress had created an 'interlocking, interrelated, and interdependent remedial scheme' which the Court is 'reluctant to tamper with.'" *Id.* (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 147, 105 S.Ct. 3085, 3092, 3092, 87 L.Ed.2d 96 (1985)). We declined in *Settles* to find that § 1132(a)(3)(B)'s "other appropriate equitable relief" provided a remedy for a wrongful death claim. *Id.* That ruling was based on preemption grounds, *id.*, but it indicated the limits on the relief a court could grant under ERISA. Until now we have not had the opportunity to determine whether the type of extra-contractual relief that plaintiff claims here [2] is available under § 1132(a)(3)(B).[3]

We conclude that it is not. In doing so, we adopt the reasoning recently applied by the Seventh Circuit in *Harsch v. Eisenberg*, 956 F.2d 651, 654–60 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992). As *Harsch* noted, § 1132(a)(3)(B) permits recovery for appropriate *equitable* relief. *Id.* at 656. The compensatory damages plaintiff claims here "are a classic form of *legal*, not equitable relief." *Id.* See also *Novak v. Andersen Corp.*, 962 F.2d 757, 760–61 (8th Cir.) (noting that monetary damages are traditionally legal and not equitable relief), *petition for cert. filed*, 61 U.S.L.W. 3156 (U.S. Aug. 26, 1992) (No. 92–352). ERISA's legislative history further sup-

---

**2.** We dismiss at the outset plaintiff's contention that her claim is not for extra-contractual relief. Plaintiff admits that she is not seeking payment of benefits pursuant to the plan, but rather wants redress for a statutory violation. App. at tab 4, p. 9. *See Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 824 (1st Cir.) (claimed damages are extra-contractual when relief is not within the terms of the ERISA-governed benefit plan), *cert. denied*, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988).

**3.** In dismissing plaintiff's complaint, the district court relied on *Walter v. International Ass'n of*

*Machinists Pension Fund*, 949 F.2d 310, 317 (10th Cir.1991), to find that plaintiff's claim for extra-contractual damages was not allowable under ERISA. However, *Walter* dealt with a claim under § 1109, and a participant's claim for breach of that section falls under § 1132(a)(2) rather than (a)(3) as is the case here. Moreover, *Walter* found the plaintiff was not entitled to relief because only the benefit plan itself, and not an individual participant, can recover for violations of § 1109. 949 F.2d at 317. Thus, the district court's reliance on *Walter* was misplaced.

ports interpreting "other appropriate equitable relief" to exclude legal remedies. *Harsch,* 956 F.2d at 656 ("Congress used the word 'equitable' to mean what it usually means—injunctive or declaratory relief") (quoting *Sokol v. Bernstein,* 803 F.2d 532, 538 (9th Cir.1986)); *Novak,* 962 F.2d at 760 (ERISA's legislative history lists "traditional equitable remedies of injunctive and declaratory relief and imposition of a constructive trust").[4] In addition, *Harsch* noted that the Supreme Court has not recognized any extra-contractual remedies available to participants under § 1132(a):

> The Court also found that, in light of ERISA's carefully crafted remedial scheme, the complete absence in section [1132(a)] of any mention of extracontractual damages demonstrates Congress' deliberate intent not to afford such a remedy:
>
>> The six carefully integrated civil enforcement provisions found in § [1132(a)] of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.

*Harsch,* 956 F.2d at 655 (quoting *Russell,* 473 U.S. at 146, 105 S.Ct. at 3092).

In holding that § 1132(a)(3)(B) does not provide extra-contractual relief, we join six of the seven circuits that have addressed this issue.[5] The only contrary circuit court case is *Warren v. Society National Bank,* 905 F.2d 975 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991), which, not surprisingly, plaintiff asks us to follow. *Warren* is based largely on Justice Brennan's concurrence in *Russell,* which was joined by three other justices. With respect to § 1132(a)(3)(B),[6] Justice Brennan argued that Congress intended ERISA to incorporate the law of trusts and therefore the beneficiary would be entitled to a remedy that would put him in the position in which he would have been had the trustee not committed the breach of trust. *Russell,* 473 U.S. at 156–57 and n. 16, 105 S.Ct. at 3097–98 and n. 16 (Brennan, J. concurring in the judgment) (citing Restatement (Second) of Trusts § 205, and Comment a (1959)). That remedy could include monetary damages that "cannot be withheld simply because a beneficiary's remedies un-

---

**4.** In dicta in *Eaves v. Penn,* 587 F.2d 453, 462 (10th Cir.1978), we erroneously quoted from a Senate committee report concerning ERISA remedies that indicated that legal in addition to equitable remedies were available under ERISA. *See* S.Rep. No. 127, 93rd Cong., 1st Sess. 35, *reprinted in* 1974 U.S.C.C.A.N., 4838, 4871. The Supreme Court noted in *Russell* that this committee report described a draft version of ERISA that specifically allowed legal relief. 473 U.S. at 145–46 and n. 14, 105 S.Ct. at 3091–92 and n. 14. However, the bill ultimately passed did not contain this provision for legal relief. *Id.* at 146, 105 S.Ct. at 3092. *Eaves* therefore does not validly support the contention that § 1132(a)(3)(B) allows legal relief.

**5.** Six circuits have found that extra-contractual relief including compensatory damages are not recoverable under § 1132(a)(3)(B): *Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 824 (1st Cir.), *cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Powell v. Chesapeake & Potomac Tel. Co.,* 780 F.2d 419, 420 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986); *Harsch v. Eisenberg,* 956 F.2d 651, 654 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992); *Novak v. Andersen Corp.,* 962 F.2d 757,

759 (8th Cir.), *petition for cert. filed,* 61 U.S.L.W. 3156 (U.S. Aug. 26, 1992) (No. 92–352); *Sokol v. Bernstein,* 803 F.2d 532, 534 (9th Cir.1986); *McRae v. Seafarers' Welfare Plan,* 920 F.2d 819, 820 (11th Cir.1991). In addition, the Fifth Circuit has held that punitive damages are not recoverable under § 1132(a)(3)(B). *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.,* 793 F.2d 1456, 1465 (5th Cir.1986), *cert. denied,* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987); *cf. Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1335 (5th Cir.) (finding it unnecessary to decide whether compensatory damages for emotional distress available under § 1132(a)(3)(B)), *cert. denied,* —— U.S. ——, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992) (No. 92–457).

**6.** The plaintiff in *Russell* expressly disclaimed reliance on § 1132(a)(3) and instead relied solely on § 1109(a). 473 U.S. at 139 n. 5, 105 S.Ct. at 3088 n. 5. The majority therefore did not consider whether § 1132(a)(3)(B) or other ERISA sections authorized recovery of extra-contractual damages. *Id.* Justice Brennan believed that the majority's opinion could be construed as applicable also to § 1132(a)(3)(B) and thus wrote separately. *Id.* at 150–51, 105 S.Ct. at 3094.

der ERISA are denominated 'equitable.' " *Id.* at 154 n. 10, 105 S.Ct. at 3096 n. 10.

We agree with the Seventh Circuit's statement in *Harsch* that Justice Brennan's position allowing extra-contractual relief may be supportable on grounds of policy and justice. 956 F.2d at 658. However, the plain language of the statute, the legislative history, and the majority's ruling in *Russell* counsel otherwise. *See also McRae v. Seafarers' Welfare Plan,* 920 F.2d 819, 822–23 (11th Cir.1991) (Congress is aware of need for extra-contractual damages under ERISA but has not acted to provide an explicit remedy).

AFFIRMED.