903 F.Supp. 40 (1995)
WASHINGTON COUNTY, Plaintiff,
v.
The UNITED STATES of America, Defendant.
No. 94-C-0700-S.
United States District Court, D. Utah, Central Division.
August 8, 1995.
*41 Eric A. Ludlow, Washington County Attorney, Barbara G. Hjelle, St. George, UT, for plaintiff.
Daniel D. Price, Assistant U.S. Attorney, Salt Lake City, UT, Gerald S. Fish, Department of Justice, Washington, DC, for defendant.

MEMORANDUM DECISION
SAM, District Judge.

I. INTRODUCTION

The court has before it the Motion to Dismiss of the United States of America, pursuant to Fed.R.Civ.P. 12(b)(1) and (6). The full facts of this matter are adequately set forth in the pleadings and the court will not repeat them here. In brief, however, Washington County, by its complaint, seeks to establish its interest in certain rights-of-way as "shown on the map" attached to plaintiff's complaint. The United States makes four arguments why the complaint should be dismissed.

II. MOTION TO DISMISS STANDARD

When a motion to dismiss is filed, the burden is on the movant to prove that the non-movant can prove no set of facts in support of his claim which would entitle him to relief. Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318 (10th Cir.1985), cert. denied, 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court is to presume, for purposes of considering the motion, that all well-pleaded allegations by the non-movant are true and all reasonable inferences are made in favor of the non-movant. Lafoy v. HMO Colorado, 988 F.2d 97 (10th Cir.1993); Miree v. DeKalb County, Ga., 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. Mitchell v. King, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir.1984).

III. DISCUSSION

The United States asserts, and the court agrees, that the complaint does not show the existence of a case or controversy. Plaintiff complains that the "United States claims, or may claim, the right to deny Washington County its right to construct and maintain its R.S. 2477 rights-of-way to meet applicable safety standards." Complaint ¶ 11. The allegation that defendant claims or may claim a right to deny plaintiff its right to construct and maintain rights-of-way, without more, fails to present a definite and concrete controversy. See Babbitt v. United Farm *42 Workers National Union, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979) ("The basic inquiry is whether the `conflicting contentions of the parties ... present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'"). The complaint contains no allegations that the United States has interfered with or denied the existence of any rights claimed by Washington County. The court, therefore, concludes that plaintiff's complaint fails to present a case or controversy sufficient to give the court jurisdiction over this matter.
The United States next contends that the complaint fails to satisfy the requirements of 28 U.S.C. § 2409a because Washington County in its complaint fails to "set forth with particularity the nature of the right, title or interest which the plaintiff claims in the real property" and "the circumstances under which it was acquired". 28 U.S.C. § 2409a(d). Plaintiff alleges that it is "the owner of the highway rights-of-way shown" on the map attached to its complaint and that it "acquired its rights-of-way through public use, by County construction and maintenance of the rights-of-way or both." The court agrees with the United States that these conclusory allegations do not identify "with particularity" any interest in real property; nor, do they do they describe "the circumstances under which" any property interest was acquired. Accordingly, as an additional basis for dismissing plaintiff's complaint, the court concludes that plaintiff has failed to comply with the conditions and requirements of 28 U.S.C. § 2409a by which the United States consents to suit in quiet title actions.
Similarly, the court concludes, as an additional basis for its ruling, that plaintiff has failed to satisfy the requirements of Fed. R.Civ.P. 8(a)(2), requiring that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief". The court also agrees with the United States that, without relevant details regarding the creation, use and extent of the right-of-way as to each road segment, that the United States is disadvantaged in evaluating and determining its defense to plaintiff's claim involving more than eight hundred road segments shown on its map.

IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED.