George TEASE, Jr., and Roberta
L. Tease, Plaintiffs,

v.

FIRST UNION HOME EQUITY BANK,
N.A. and Realty Title Company,
Defendants.

Civil Action No. 97–2153–GTV.

United States District Court,
D. Kansas.

Sept. 24, 1997.

Thomas James Fritzlen, Jr., Martin, Leigh & Laws, P.C., Kansas City, MO, for George Tease, Jr. and Roberta L. Tease.

Timothy M. O'Brien, Scott C. Nehrbass, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for First Union Home Equity Bank, N.A.

Mary E. Clune, White, Allinder & Graham, L.L.C., Independence, MO, for Realty Title Co.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiffs bring this lawsuit alleging that defendants engaged in fraudulent conduct and discriminated against them in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, the Kansas Consumer Protection Act, K.S.A. § 50–623 *et seq.*, and the

Kansas common law. The case is before the court on defendant First Union's "motion to dismiss, or, in the alternative, for a more definite statement" (Doc. 9). For the reasons set forth below, the motion is denied.

### I. Standards

A court may not grant a motion to dismiss for failure to state a claim unless it appears that the plaintiff can prove no set of facts that would entitle it to relief. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). In considering such a motion, the court must assume the truth of all well-pleaded facts in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990). The court also must construe the pleadings liberally and indulge all reasonable inferences in favor of the plaintiff. *Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984); Fed. R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff ultimately will prevail, but whether it is entitled to offer evidence in support of its claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

### II. Discussion

#### A. Equal Credit Opportunity Act Claim

Section 701 of the Equal Credit Opportunity Act ("ECOA") provides, in relevant part, that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex or marital status (provided the applicant has the capacity to contract)." 15 U.S.C. § 1691(a)(1).[1] Congress originally enacted this statute with the intent of eliminating "credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit." *United States v. ITT Consumer Fin. Corp.,* 816 F.2d 487, 489 (9th Cir.1987) (citations omitted).

---

1. The administrative regulations governing the ECOA, which are implemented by the Federal Reserve Board, can be found at 12 C.F.R. § 202.1 *et seq.* (1995).

Plaintiffs contend that defendants contravened the ECOA by requiring Roberta Tease to sign a promissory note on a loan for which only her husband, George Tease, had applied. Specifically, plaintiffs allege that, although George Tease had adequate creditworthiness to qualify for the loan himself, defendants ordered Roberta Tease to sign the note solely on the basis of the couple's race and George Tease's gender. Plaintiffs argue that defendants further violated the ECOA by forcing Roberta Tease to sign the mortgage pledged as collateral for the First Union loan despite the fact that George Tease retained exclusive title to and ownership of the property.

In its motion to dismiss, First Union maintains that George Tease's signature does not appear on the fixed rate promissory note because he never submitted a loan application; only Roberta Tease filed a loan application. If that is true, plaintiffs' ECOA claim will fail. At this stage of the litigation, however, the court must assume the truth of all plaintiffs' allegations. Because plaintiffs clearly pled that George Tease applied for a loan to be secured by real property titled solely in his name, the court must reject First Union's argument at this juncture.

First Union also insists that it had a right under the ECOA to require Roberta Tease's signature on the mortgage securing the loan. The bank correctly notes that, under Kansas law, Roberta Tease has both current and potential marital interests in her husband's property. *See* K.S.A. § 59–505 (married individual has inchoate dower interest in spouse's real property); K.S.A. § 23–201(b) (married individual obtains interest in property acquired by spouse prior to marriage if spouse commences action for divorce, separate maintenance, or annulment). The bank, therefore, claims that the ECOA provision expressly authorizing joint signature requirements in cases involving joint interests in property precludes any finding of liability.

The specific paragraph of the ECOA to which First Union cites states:

A request for the signature of both parties to a marriage for the purpose of creating a valid lien, passing clear title, waiving inchoate rights to property, or assigning earnings, shall not constitute discrimination under this subchapter: *Provided,*

*however,* That this provision shall not be construed to permit a creditor to take sex or marital status into account in connection with the evaluation of creditworthiness of any applicant.

15 U.S.C. § 1691d(a). This statute ultimately may absolve First Union of liability under the ECOA with respect to the mortgage signatures. If, in a motion for summary judgment, First Union advances competent evidence that it has a policy of requiring all individuals with an actual or potential interest in property pledged as loan collateral to sign relevant loan documents, the bank may fall within section 1691d(a)'s broad exception. At this stage of the proceedings, however, the court must examine only the allegations in plaintiffs' amended complaint. Plaintiffs have alleged that First Union required Roberta Tease to sign the promissory note and mortgage not as a means of protecting its interests in the pledged collateral, but out of a discriminatory animus. Such conduct, if true, is violative of the ECOA. Accordingly, First Union's motion to dismiss must be denied.

### B. Kansas Consumer Protection Act and Common Law Claims

First Union also requests that the court order plaintiffs to provide a more definite statement of their Kansas Consumer Protection Act and common law fraud claims. This request is moot. On September 4, 1997, after obtaining leave of court, plaintiffs filed an amended complaint asserting their Kansas Consumer Protection Act and fraud claims with greater specificity. Plaintiffs are now in compliance with the pleading requirements set forth in Fed.R.Civ.P. 9(b).

IT IS, THEREFORE, BY THE COURT ORDERED that defendant First Union's "motion to dismiss, or, in the alternative, for a more definite statement" (Doc. 9) is denied.

**IT IS SO ORDERED.**