**LaWanda COOPER, Plaintiff,**

v.

**Louis CALDERA, Secretary of the Army, et al., Defendants.**

**No. CIV.A.99–2399–KHV.**

United States District Court, D. Kansas.

March 8, 2000.

Robert A. Olsen, Office of U.S. Attorney, Kansas City, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

LaWanda Cooper brings suit against Louis Caldera, Secretary of the Army, alleging that the Army Board of Correction of Military Records (ABCMR) acted arbitrarily and capriciously when it decided not to correct her military records.[1] This matter comes before the Court on defendant's *Motion to Dismiss Or, In The Alternative, For Summary Judgment* (Doc. # 6) filed November 16, 1999. For reasons stated below, the Court finds that defendant's motions should be overruled.

### Motion to Dismiss Standards

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The Court must make all reasonable inferences in favor of plaintiff, and liberally construe the pleadings. *See* Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colo.,* 988 F.2d 97, 98 (10th Cir. 1993). The issue in reviewing the sufficiency of the complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support her claims.

The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of her theories of recovery that would entitle her to relief. *See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). Although plaintiff need not precisely state each element of her claims, plaintiff must plead minimal factual allegations on those material ele-

Richard D. Dvorak, Jonathan P. Tomes, Tomes & Dvorak, Overland Park, KS, for Plaintiff.

---

1. Plaintiff asserts that the Court has jurisdiction under Article III, Section 2 of the United States Constitution, the Administrative Procedures Act, 5 U.S.C. §§ 702, 706, and 28 U.S.C. §§ 1331, 1346(a)(2), 1657, 2201 and 2202.

ments that must be proved. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the non-moving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Intern., Inc. v. First Affiliated Securities, Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics,* 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." *Deepwa-*

ter *Investments, Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

### Facts

For the purposes of defendant's motion to dismiss, the allegations in plaintiff's verified complaint are taken as true.

Plaintiff enlisted in the United States Army on January 4, 1983. She is an active duty Staff Sergeant, currently assigned to the Training and Doctrine Command Analysis Center, Fort Leavenworth, Kansas. Plaintiff holds a B.A. degree in English and has completed several military schools. She has earned numerous service awards, including five good conduct medals and an Army service ribbon.

On May 20, 1996, plaintiff reported to the Army Noncommissioned Officer Course (ANCOC) at Fort Jackson, South Carolina. That same day, she took a urinalysis test under the Army's drug testing program. The specimen tested positive for cocaine. The Army informed plaintiff of the test results on June 7, 1996, and she sought military counsel. Counsel suggested that plaintiff obtain an independent test to determine whether traces of drugs remained in her system three weeks after the urinalysis. No further test could confirm or refute, however, whether drugs were in plaintiff's system on the date of the original urinalysis. Plaintiff took an additional urinalysis and a blood test from independent laboratories. Both tests were negative for drugs.[2]

---

**2.** On June 15th, 1996, plaintiff also took a polygraph which was "negative for drug use."

Doc. # 1, Complaint, ¶ 6.

Plaintiff's commander requested that the ANCOC commandant retain plaintiff in the program until the commander could complete an investigation into the suspected cocaine use. According to plaintiff, this request indicated that the commander believed that plaintiff's urinalysis was positive because she had been taking Tylenol III. The commandant refused the commander's request because plaintiff had not been prescribed Tylenol III since 1993.[3] The commandant also focused on a doctor's opinion that Tylenol III could produce a positive result for opium, but not for cocaine. The ANCOC commandant also noted that if the Army exonerated plaintiff of the allegation that she had used cocaine, she could petition for reinstatement to ANCOC. On June 18, 1996, the commandant dismissed plaintiff from ANCOC because of the positive drug urinalysis.

Through her chain of command, plaintiff requested that the Army Personnel Command reinstate her to ANCOC. Plaintiff's chain of command supported her request, stating that an investigation had concluded that she was not guilty of the unlawful use of cocaine and that it therefore had not taken disciplinary action against her. The Army Personnel Command, however, concluded that ANCOC had properly removed her from the course for disciplinary reasons and disapproved her request for reinstatement. The Army Personnel Command also removed plaintiff from the promotion list for Sergeant First Class.

On November 22, 1996, plaintiff asked the ABCMR to correct her records and reinstate her to both ANCOC and the promotion list. The ABCMR is a civilian board which is set up to recommend to the Secretary of the Army whether to correct military records to correct errors or injustices. *See* 42 U.S.C. § 1552. The ABCMR forwards it findings, conclusions and recommendation to the Secretary, who "directs such action in each case as he determines to be appropriate." 32 C.F.R. § 581.3(f)(2). The Secretary's decision becomes a final agency action subject to review under the Administrative Procedures Act, 5 U.S.C. § 706(2). On January 24, 1997, the ABCMR issued a Memorandum of Consideration which denied plaintiff's application. The Memorandum of Consideration stated in part:

In similar cases the Board heard expert testimony on various topics including the Army's drug testing program. Among the subjects covered were testing procedures, levels of drugs in one's system that produce a positive result, and the time a particular drug will remain in an individual's system. Cocaine is rapidly excreted from the body because it is water soluble. Cocaine remains in one's system 24 to 72 hours depending on the concentration of the drug in the system (the amount ingested). When testing for cocaine the laboratory searches for the metabolite (the enzyme the body produces to excrete a particular toxin), in the case of cocaine metabolite is benzecogonine. Since Tylenol III contains codeine (an opiate), its presence in the body would not result in a false reading for cocaine.

Doc. #1 at 5–6. The Memorandum of Consideration concluded:

1. The urinalysis of the specimen submitted by the applicant on 20 May 1996 is presumed to be legally and scientifically supportable to prove that she had unlawfully used illegal drugs. The applicant has not submitted any evidence to overcome that presumption. It is noted that she did not request a retest of her specimen.

2. A positive drug urinalysis indicates that illegal drugs are in an individual's system on the day the specimen is submitted. Subsequent negative urinalyses do not invalidate earlier positive results.

---

**3.** At the time of the urinalysis plaintiff indicated that she had been taking her husband's prescription for Tylenol III.

3. The applicant's contention that she was unjustly dismissed and denied reinstatement to the ANCOC after she claims she was exonerated of the charges against her is without merit. The applicant was eliminated from the ANCOC as a result of a positive urinalysis which indicated the presence of cocaine in her system. Contrary to her contention, she has not shown that the results of that positive urinalysis is flawed or that she is not guilty of the use of illegal drugs.

4. The applicant's contention that she has been exonerated of the charges against her is also without merit. While the applicant's chain of command chose not to punish her for her illegal drug use, that in itself does not invalidate the results of the positive urinalysis. Furthermore, the independent urinalyses produced by the applicant have no validity in connection with the 20 May 1997 positive urinalysis administered by the Army because the specimens were provided long after the initial urinalysis. While the applicant's chain of command chose not to punish her, but to give her the benefit of the doubt, there has been no proof submitted with her application that would support her contention that the urinalysis was flawed.

5. The Board notes that the applicant's contention that her urinalysis tested positive due to her taking prescription drugs is also without merit. Although she was not on any prescribed medication at the time, the type of medication [she] claims to have been taking would not have produced a false positive for cocaine.

6. In order to justify correction of a miliary record the applicant must show to the satisfaction of the Board, or it must otherwise satisfactorily appear, that the record is in error or unjust. The applicant has failed to submit evidence that would satisfy the aforementioned requirement.

7. In view of the forgoing, there is no basis for granting applicant's request. *Id.* at 6–8.

## I. *Motion To Dismiss*

Plaintiff alleges that the ABCMR's decision was arbitrary and capricious because it misconstrued applicable law, failed to follow applicable regulations, considered extra-record evidence without giving plaintiff the right to rebut that evidence, and ignored and/or misconstrued plaintiff's evidence which demonstrated that the record was in error and unjust. Defendant's motion to dismiss asserts that plaintiff's claim is not justiciable.

■ In *Lindenau v. Alexander*, 663 F.2d 68, 70 (10th Cir.1981), the Tenth Circuit set out a test to determine when a federal court can appropriately review military action. *Lindenau* adopted the two-step test set forth in *Mindes v. Seaman*, 453 F.2d 197, 201–02 (5th Cir.1971):

> [A] court should first ... determine whether the case involves an alleged violation of a constitutional right, applicable statute, or regulation and whether intra-service remedies have been exhausted. If so, the court is then to weigh the nature and strength of the challenge to the military determination, the potential injury to the plaintiff if review is refused, the type and degree of anticipated interference with the military function, and the extent to which military discretion or expertise is involved in the challenged decision.

*Lindenau*, 663 F.2d at 71. The second step of the test essentially balances the interest of the parties, "with a preference against interference in the military." *Costner v. Oklahoma Army Nat. Guard*, 833 F.2d 905, 907 (10th Cir.1987) (holding that age discrimination claim by national guard adjutant general was nonreviewable).

■ Defendant argues that under the first step of this test, plaintiff's complaint fails to identify specific laws or regulations

that defendant violated. Plaintiff correctly counters that the Federal Rules of Civil Procedure require only notice pleading, and that defendant may ask for a more definite statement under the Rules. Plaintiff also asserts that she is entitled to discovery in order to identify regulations that defendant may have failed to follow.

■ Defendant next argues that when plaintiff alleges that the ABCMR did not allow her to rebut extra-record evidence or view her urine test results, she does not set forth a procedural due process claim. In order to make out such a claim, plaintiff must identify loss of a property or liberty interest for which procedural due process was denied. *See, e.g., Goldberg v. Kelly,* 397 U.S. 254, 262, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (establishment of welfare benefit program created property interest for those who meet statutory qualifications); *Vitek v. Jones,* 445 U.S. 480, 489–90, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (liberty interest created by statute that required prisoner be found to suffer mental disease or defect before transfer to mental institution). Plaintiff contends, however, that procedural errors by the ABCMR stigmatized her as a cocaine user and caused her to lose job and educational opportunities. *See May v. Gray,* 708 F.Supp. 716 (D.N.C.1988) (discharge based on urinalysis test imposed stigma and implicated due process liberty interest). Plaintiff has adequately pled a violation of her federal constitutional right to due process.[4] Plaintiff also meets the second part of the first step, in that she has exhausted her military remedies by applying for relief to the ABCMR.

■ The Court thus proceeds to the second step of *Mindes,* which requires it to weigh four factors. The first factor, the nature and strength of plaintiff's challenge to the military action, weighs in favor of granting review in this case. Plaintiff has

stated a constitutional due process claim. Further, although the complaint does not identify the all statutes or regulations which defendant may have violated, the Federal Rules of Civil Procedure require only notice pleading. Plaintiff is entitled to discovery in order to find facts which may show that defendant failed to follow specific, as yet unidentified, regulations.

The second factor, the potential injury to plaintiff, also favors justiciability. Although the Army has allowed plaintiff to remain on active duty, she asserts injury to her reputation, denial of participation in ANCOC, and presumably the lost opportunity for promotion beyond her current rank. *See Barber v. Widnall,* 78 F.3d 1419 (9th Cir.1996) (Air Force Board of Corrections of Military Records refused to correct record to reflect plaintiff entitled to sole credit for shooting down mastermind of Pearl Harbor attack; potential injury to plaintiff significant even if not economic or physical); *Saum v. Widnall,* 912 F.Supp. 1384, 1392–92 (D.Colo.1996) (review appropriate; Air Force cadet's potential injury great based on allegations of severe sexual harassment and violation of constitutional rights which are subject to close judicial scrutiny). *Cf. Lindenau,* 663 F.2d at 73 (denying review where constitutional challenges to facially neutral regulation not strong).

The third *Mindes* factor, the type and degree of anticipated interference with the military function, also weighs in favor of review. An inquiry into ABCMR procedures, including the alleged reliance on extra-record evidence, and failure to obtain and provide the litigation file with the specific urinalysis test results, would not interfere with military functions. *Cf. Gonzalez v. Department of Army,* 718 F.2d 926, 930 (9th Cir.1983) (interference is great where issue required examination of motives of officers who determined plain-

---

4. The Court notes that plaintiff has also alleged violations of the APA and has indicated that after discovery, she may identify further violation of statutes and or regulations. The Court recognizes that it has a duty to avoid resolution of constitutional questions if possible, and finds only that at this stage in the proceedings plaintiff has stated a constitutional claim for purposes of the justiciability question.

tiff's performance ratings). In this case, plaintiff does not challenge a military decision whether a service member is qualified to remain in service. *See Guerra v. Scruggs,* 942 F.2d 270, 280 (4th Cir.1991) (review of decision to recommend general discharge after plaintiff *admitted* cocaine use would tamper with military authority to discipline personnel) (dicta). Rather, she seeks review concerning whether the Army violated her due process rights and whether it violated applicable laws and/or regulations protecting due process.

As for the fourth *Mindes* factor, an inquiry into the decision not to remove evidence of cocaine use, when plaintiff's chain of command had found that she was not guilty of cocaine use, would not involve the Court in an area of military expertise and discretion. *See Barber,* 78 F.3d 1419, 1423 (review of decision for arbitrariness and support in record did not require military expertise). Further, plaintiff's claim that the decision was based on extra-record information would not drag the Court into a "very sensitive area of miliary expertise and discretion." *Costner,* 833 F.2d at 908. The Court concludes that this factor weighs in favor of review.

After carefully weighing the four factors set out in the second step of *Mindes,* the Court finds that plaintiff's claims are justiciable. The Court therefore overrules defendant's motion to dismiss.

## II. *Motion For Summary Judgment*

### A. *Additional Facts*

The parties agree that the following additional facts are uncontroverted for purposes of defendant's motion for summary judgment.

Plaintiff's chain of command requested that the commandant allow plaintiff to re-enroll in ANCOC. Colonel Barefield, Commander, Fifth Brigade, Second Region (ROTC), U.S. Army Cadet Command, stated that he had fully investigated the matter and concluded that plaintiff was not guilty of cocaine use. Colonel Gregory A. Lowe stated that plaintiff is clearly not the type of individual to be involved in the

illegal use of controlled substances. He further stated that although he could not explain the positive urinalysis, he would not ruin the career of a sterling noncommissioned officer when he had reasonable doubts about the allegations against her. He stated that he considered the matter closed, and recommended that the Army make plaintiff whole again through promotion and re-enrollment in ANCOC.

The ABCMR concluded, however, that plaintiff had not submitted evidence to overcome the presumption that the urinalysis was legally and scientifically supportable to prove that she had unlawfully used illegal drugs. Administrative Record at 5. Through counsel, plaintiff requested the litigation packet that would indicate the level of the cocaine metabolite allegedly found in her urine specimen. The Army has never provided the packet. *See id.* at 69.

### B. *Analysis*

 Defendant asserts it is entitled to summary judgment because as a matter of law the ABCMR decision was not arbitrary or capricious and is supported by substantial evidence. Plaintiff asserts that the case is not ripe for summary judgment because she has not had an opportunity for meaningful discovery. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548 (summary judgment proper when after adequate period of discovery one party can not show genuine issues as to material facts on which that party bears the burden of proof). The Court agrees that for this reason alone summary judgment is not proper.

With adequate discovery, plaintiff may obtain evidence to support her claims that the ABCMR did not consider all relevant evidence or afford her an opportunity to rebut extra-record expert testimony regarding what prescription drugs can cause positive urinalysis for cocaine.

The Court is particularly concerned by plaintiff's contention that defendant has refused to provide her a copy of the litigation packet, and that it did not review that

packet in reaching its decision. This fact would support plaintiff's argument that the decision was arbitrary and capricious. *See, e.g., Neal v. Secretary of Navy,* 639 F.2d 1029, 1043–44 (3d Cir.1981) (Board for Correction of Naval Records failed to meet statutory obligation to correct injustice when it denied relief for Enlisted Performance Board's failure to allow plaintiff to review reports on which it based decision to deny re-enlistment). Further, this fact supports plaintiff's argument that defendant violated her procedural due process rights and Army regulations by failing to allow her to present all relevant evidence. *See* 32 C.F.R. § 581.3(d)(5)(i) ("the applicant will be assured access to all official records that are necessary to an adequate presentation of his case consistent with regulations governing privileged or classified material"); 32 C.F.R. § 581.3(e)(2)(ii) ("the Board will consider the case on all of the material before it, including, but not limited to, the application, any brief submitted by or in behalf of the applicant, and all available pertinent records.").[5] Due process requires that plaintiff receive notice of the record so as to receive a meaningful opportunity to be heard.

The Court concludes that summary judgment is not appropriate at this time because the parties have not had an adequate opportunity for discovery.

**IT IS THEREFORE ORDERED** that defendant's *Motion to Dismiss Or, In The Alternative, For Summary Judgment* (Doc. # 6) filed November 16, 1999, be and hereby is **OVERRULED.**

---

**5.** Plaintiff also asserts that reading the phrase "all pertinent records" in 32 C.F.R. § 581.3(e)(2)(ii) so broadly as to include ex-

pert testimony from prior unrelated cases violates due process.