**SINCLAIR OIL CORPORATION,**
Plaintiff,

v.

**DYMON, INC., Defendant.**

**No. CIV. A. 97-2204-GTV.**

United States District Court,
D. Kansas.

Dec. 19, 1997.

Keith E. Drill, Stephen G. Mirakian, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, for plaintiff.

Douglas P. McLeod, Kirk Forbes Marty, Blackwell, Sanders, Matheny, Weary & Lombardi L.L.P., Kansas City, MO, for defendant.

### *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

Plaintiff brings this action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, to recover costs that it has incurred, and will incur, to clean up hazardous waste defendant allegedly released in the environment. Plaintiff alleges nine causes of action:

1. The first cause of action alleges that plaintiff, pursuant to 42 U.S.C. § 9607, may recover from defendant removal, response, and medical monitoring costs.

2. The second cause of action alleges that plaintiff, pursuant to 42 U.S.C. § 9613, may recover contribution from defendant for removal, response, and medical monitoring costs.

3. The third cause of action sounds in tort and alleges that defendant breached its duty not to discharge hazardous waste or pollute the site owned by plaintiff.

4. The fourth cause of action alleges that defendant violated the lease agreement between the parties.

5. The fifth cause of action alleges that, as a holdover tenant, defendant has caused damages to plaintiff remaining in constructive possession of the leased property.

6. The sixth cause of action alleges that defendant is obligated to indemnify plaintiff for any liability, loss, damage, or injury caused by defendant's release of hazardous substances and environmental contamination.

7. The seventh cause of action alleges that, under Kansas law, plaintiff is entitled to contribution for costs incurred or that will be incurred in response to defendant's release of hazardous substances and environmental contamination.

8. The eighth cause of action alleges that, under Kansas law, defendant is obligated to indemnify plaintiff for any liability, loss, damage, or injury caused by defendant's release of hazardous substances and environmental contamination.

9. The ninth cause of action seeks a judicial declaration of plaintiff's rights and legal relations with defendant pursuant to 28 U.S.C. §§ 2201 and 2202.

The case is before the court on defendant's motion (Doc. 7) to dismiss plaintiff's first cause of action and plaintiff's request for attorney's fees and medical monitoring costs. For the reasons set forth in this order, defendant's motion to dismiss is granted in part and denied in part as follows:

(1) plaintiff's first cause of action (paragraphs twenty-nine through thirty-seven of the complaint) for cost recovery under CERCLA is dismissed;

(2) plaintiff's request for contribution for attorney's fees incurred in the prosecution of its cost recovery action (paragraph forty-three of the complaint and subsection (e) of plaintiff's prayer for relief) is dismissed;

(3) defendant's motion is denied as to plaintiff's request for contribution for attorney's fees and medical monitoring costs as set out in paragraph forty-one.

## I. FACTUAL BACKGROUND

On April 25, 1974, Pasco, Inc., ("Pasco") leased a portion of its property located at 3400 Kansas Avenue, Kansas City, Kansas, to defendant for the manufacture and storage of chemical products. On July 1, 1976, plaintiff acquired substantially all of Pasco's assets and succeeded to all of Pasco's rights under the lease with defendant. While leasing the property on Kansas Avenue, defendant allegedly manufactured, used, stored, and discharged sewage and hazardous waste in violation of Kansas law. Defendant subsequently relocated its manufacturing facility and offices to Olathe, Kansas.

Kansas environmental authorities insisted that plaintiff, as owner of the Kansas City, Kansas site, undertake cleanup action. Plaintiff now brings this action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and Kansas law for damages resulting from its past and future efforts to clean up the property at 3400 Kansas Avenue.

## II. LEGAL STANDARDS

Pursuant to Fed.R.Civ.P. 12(b)(6), defendant seeks dismissal of plaintiff's first cause of action and its request for attorney's fees and medical monitoring costs. In ruling on a motion to dismiss, the court must assume the truth of all well-pleaded facts in the plaintiff's complaint and view them in a light most favorable to the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *see Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984) ("[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true"). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be construed liberally. *Id.; see* Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado*, 988 F.2d 97, 98 (10th Cir.1993); *Gas–A–Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102 (10th Cir.1973). The issue in reviewing the sufficiency of plaintiff's amended complaint is not whether it will prevail, but whether it is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may not dismiss a cause of action for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1115 (10th Cir.1991); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.1989).

The court is limited in its review of defendants' motions to dismiss. The court may consider only the well-pleaded allegations contained within the four corners of plaintiff's complaint. *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir.1994), *cert. denied*, 513 U.S. 1183, 115 S.Ct. 1175, 130 L.Ed.2d 1128 (1995). Although plaintiff need not state precisely each element of the claim, it must plead minimal factual allegations on those material elements that must be proved. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

## III. DISCUSSION

### A. Sinclair's Claim Under Section 107 of CERCLA

CERCLA, as amended by the Superfund Amendments and Reauthorization Act of 1986 (SARA), provides two types of legal actions by which parties may recoup costs associated with hazardous waste clean up. *United States v. Colorado & Eastern R.R. Co.*, 50 F.3d 1530, 1535 (10th Cir.1995). A party that is, or may be, potentially responsible for the costs associated with hazardous waste cleanup and site remediation may bring an action for contribution under § 113(f), 42 U.S.C. § 9613(f). However, if a party is not a potentially responsible party (PRP) or is found to be an "innocent landowner" under the statute, that party may bring a cost recovery action under § 107(a), 42 U.S.C. § 9607(a).[1]

---

**1.** In *Colorado & Eastern,* the Tenth Circuit did not address whether a party with a valid affirmative defense to PRP liability may bring a claim under § 107. "It seems evident, however, that such a party would be entitled to bring a CERC-LA section 107 claim since the affirmative defense would absolve them of potential liability." *Mathews v. Dow Chem. Co.,* 947 F.Supp. 1517, 1520 (D.Colo.1996).

■ Defendant claims that plaintiff's first cause of action—seeking recovery of cleanup and response costs, attorney's fees, expert witness fees, and expenses and costs of litigation—should be dismissed for failure to state a claim. According to defendant, plaintiff is a PRP as a matter of law and, therefore, is not allowed to bring an action under § 107 as an innocent landowner. In response, plaintiff contends that it has successfully pleaded that it is an innocent landowner and, therefore, is not considered a PRP under the statute.

In § 107(a), CERCLA defines four classes of persons as "potentially responsible persons": the current owner or operator of a facility, 42 U.S.C. § 9607(a)(1); any person who owned or operated the facility "at the time of disposal of any hazardous substance," *id.* § 9607(a)(2); any person who arranged for transport for disposal or treatment, or arranged for transport for disposal or treatment of hazardous substances at the facility, *id.* § 9607(a)(3); and any person who accepts or accepted hazardous substances for transport to sites selected by such person, *id.* § 9607(a)(4). It is undisputed that plaintiff currently owns the former oil refinery site and is considered a PRP under the statute. Plaintiff, however, may bring an action for cost recovery under § 107 if it successfully pleads the "innocent owner" defense available under CERCLA.

The innocent owner defense requires that "[a]t the time the defendant acquired the facility the defendant did not know and had no reason to know that any hazardous substance which is the subject of the release or threatened release was disposed of on, in, or at the facility." 42 U.S.C. § 9601(35)(A)(i). CERCLA provides explicit guidance on how a defendant is to establish that it had "no reason to know" of a prior disposal:

> To establish that the defendant had no reason to know ... the defendant must have undertaken, at the time of acquisition, all appropriate inquiry into the previous ownership and uses of the property consistent with good commercial or customary practice in an effort to minimize liability. For purposes of the preceding sentence the court shall take into account any specialized knowledge or experience on the part of the defendant, the relationship of the purchase price to the value of the property if uncontaminated, commonly known or reasonably ascertainable information about the property, the obviousness of the presence or likely presence of contamination at the property, and the ability to detect such contamination by appropriate inspection.

*Id.* § 9601(35)(B). Furthermore, § 9607 provides that a PRP may escape liability if it establishes by a preponderance of the evidence that (a) [it] exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) [it] took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions....

*Id.* § 9607(b). The question before the court is whether plaintiff has successfully pleaded the innocent landowner defense. The court finds that it has not.

To successfully plead the innocent landowner defense, plaintiff must plead minimal factual allegations establishing the following: (1) it undertook "all appropriate inquir[ies] into the previous ownership and uses of the property consistent with good commercial or customary practice in an effort to minimize [its] liability"; (2) it "exercised due care with respect to the hazardous substance concerned"; and (3) it "took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions." Plaintiff has failed to plead these elements. Plaintiff merely avers that it did not add to the contamination of the hazardous waste site. This may be true, but such a claim does not permit plaintiff to shed the PRP label and bring an action for cost recovery under § 107.

*B. Recovery of Attorney's Fees Under CERCLA*

■ Defendant also argues that plaintiff may not recover attorney's fees under CERCLA. Specifically, defendant objects to plaintiff's request for attorney's fees found in

paragraphs thirty-six and forty-three of the complaint. Paragraph thirty-six is part of plaintiff's first cause of action for recovery of costs pursuant to § 107. Because the entirety of plaintiff's first cause of action has been dismissed, paragraph thirty-six and its contents are likewise stricken from the complaint.

Paragraph forty-three requests contribution from defendant pursuant to § 113(f) for "any other expense, cost or damage, including legal fees incurred in the prosecution of this action and any other judicial or administrative proceeding, involving the release of hazardous substances and environmental contamination at the Site." In *Key Tronic Corp. v. United States,* 511 U.S. 809, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994), the Supreme Court indicated that § 107 and, therefore, § 113 [2] do not "provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." *Id.* at 819, 114 S.Ct. at 1967. The Court clarified this general rule, however, by noting that not "all payments that happen to be made to a lawyer are unrecoverable expenses under CERCLA." *Id.* at 819–20, 114 S.Ct. at 1967. Those expenses that are "closely tied to the actual cleanup may constitute a necessary cost of response in and of itself under the terms of § 107(a)(4)(B)." *Id.* at 820, 114 S.Ct. at 1967. "As the Tenth Circuit observed, the American rule set out in *Alyeska* [*Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) ] does not govern such fees, 'because they are not incurred in pursuing litigation.'" *Id.* (citing *FMC Corp. v. Aero Indus., Inc.,* 998 F.2d 842, 847 (10th Cir.1993)).

Defendant contends that plaintiff's request for contribution for attorney's fees directly contravenes the Supreme Court's holding in *Key Tronic.* The court disagrees. There is. no question that plaintiff has asked for more than the law allows; however, it would be inappropriate to dismiss, in its entirety, plaintiff's request for contribution for attorney's fees. Plaintiff's request must be construed liberally by the court and all reasonable inferences must be viewed in favor of plaintiff. *Lafoy,* 988 F.2d at 98. In doing so,

the court finds that plaintiff has properly requested contribution for those attorney's fees which constitute a necessary cost of response. In paragraph forty-one, plaintiff states that it is "entitled to contribution from Dymon, pursuant to [§ 113(f) ] for any amounts paid by Sinclair or to be paid by Sinclair as response costs in connection with the Site clean-up ... in excess of Sinclair's equitable share of such costs." This pleading is sufficient to survive a motion to dismiss. However, plaintiff's specific request for legal fees in paragraph forty-three of the complaint will be stricken as it specifically requests attorney's fees incurred from the prosecution of its cost recovery action. Furthermore, subsection (e) of paragraph one of plaintiff's prayer for relief reiterates the unacceptable request found in paragraph forty-three. It too will be stricken from the complaint.

.The court realizes that after paragraph forty-three of the complaint and paragraph one, subsection (e) of the prayer for relief are stricken, the complaint will no longer contain an explicit request for attorney's fees pursuant to § 113. This should not be viewed as a deficiency in pleading barring plaintiff's future recovery of contribution for attorney's fees. In *Key Tronic,* the Court noted that "some lawyer's work that is closely tied to the actual cleanup ... might well be performed by engineers, chemists, private investigators or other professionals who are not lawyers." 511 U.S. at 820, 114 S.Ct. at 1967. Therefore, the court finds that a request for contribution pursuant to § 113 for "necessary costs of response" encompasses a request for contribution for the limited types of attorney's fees still recoverable after *Key Tronic.*

## C. *Recovery of Medical Monitoring Costs Under CERCLA*

■ Defendant also contends that the court should strike those portions of plaintiff's complaint seeking recovery of medical monitoring costs under CERCLA. Specifi-

---

2. Under CERCLA's scheme, § 107 governs liability, while § 113(f) creates a mechanism for apportioning that liability among responsible parties. *County Line Investment Co. v. Tinney,* 933 F.2d 1508, 1517 (10th Cir.1991).

cally, defendant objects to paragraphs thirty-two and forty-one:

> 32. Dymon is liable under the provisions of [§ 107] of CERCLA ... for removal, response, and remedial and medical monitoring costs necessary to rectify and address the damage caused by the release of hazardous substances at the Site.
>
> * * *
>
> 41. Sinclair is entitled to contribution from Dymon, pursuant to [§ 113] for any amounts paid by Sinclair or to be paid by Sinclair as response costs in connection with the Site clean-up and medical monitoring in excess of Sinclair's equitable share of such costs.

Defendant argues that medical monitoring costs are not included in CERCLA's definition of response costs and, therefore, are not recoverable under § 107 or § 113.

In *Daigle v. Shell Oil Co.*, the Tenth Circuit held that "certain medical monitoring costs are recoverable" as response costs pursuant to a removal or remedial action. 972 F.2d 1527, 1535 (10th Cir.1992). The monitoring allowed under the "removal action" definition relates, under the plain statutory language, only to an evaluation of the extent of a "release or threat of release of hazardous substances." *Id.* at 1535. The "remedial action" definition expressly focuses only on actions necessary to "prevent or minimize the release of hazardous substances that they do not migrate to cause substantial danger to present or future public health or welfare or the environment." *Id.* (citing 42 U.S.C. § 9601(24)).

As stated above, plaintiff's first cause of action is dismissed. Therefore, plaintiff's request for medical monitoring costs in paragraph thirty-two has already been stricken from the complaint. Plaintiff claims that its request for medical monitoring costs in paragraph forty-one is appropriate under § 113. The court agrees. Paragraph forty-one requests recovery of contribution for "any amounts paid by Sinclair or to be paid by Sinclair as ... medical monitoring in excess of Sinclair's equitable share of such costs." This general request encompasses those medical monitoring costs found to be recoverable by the *Daigle* court. While it is unclear if plaintiff has incurred or will incur any recoverable medical monitoring costs, plaintiff is entitled to offer evidence in an attempt to support its claim. *See Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion (Doc. 7) to dismiss or strike is granted in part and denied in part:

(1) plaintiff's first cause of action (paragraphs twenty-nine through thirty-seven of the complaint) for cost recovery under CERCLA is dismissed;

(2) plaintiff's request for contribution for attorney's fees incurred from the prosecution of its cost recovery action (paragraph forty-three complaint and subsection (e) of plaintiff's prayer for relief) is dismissed;

(3) defendant's motion is denied as to plaintiff's request for contribution for attorney's fees and medical monitoring costs as set out in paragraph forty-one.

**IT IS SO ORDERED.**