The **BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Plaintiff,**

v.

**CARGILL, INCORPORATED, et al., Defendants.**

No. CIV. A. 98–2435–KHV.

United States District Court, D. Kansas.

Nov. 15, 1999.

---

**1156**

Heather S. Woodson, Stinson, Mag & Fizzell, P.C., Leawood, KS, Allison M. Murdock, Stephen J. Owens, Scott W. Tompsett, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for Plaintiff.

Angela D. Gupta, Office of United States Attorney, Kansas City, KS, Carl H. Helmstetter, James T. Price, Elizabeth Brand Six, Teresa A. Woody, Kansas City, MO, for Defendant Cargill, Inc.

Mark D. Anstoetter, Catherine C. Whittaker, Blackwell Sanders Peper Martin LLP, Kansas City, MO, for Defendant Continental Grain Co.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendant Cargill's Motion To Dismiss Count I Of Plaintiff's Complaint For Failure To State A Claim Upon Which Relief Can Be Granted* (Doc. # 14) filed December 9, 1998. Plaintiff brings suit against defendants in part under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* Plaintiff seeks to recover costs which it has spent or will spend responding to releases of hazardous substances at a former grain elevator site. In Count I, plaintiff alleges that defendants are jointly and severally liable under Section 107 of CERCLA, 42 U.S.C. § 9607.[1] Cargill argues that the Court should dismiss this claim because plaintiff cannot bring an action under Section 107. For reasons stated below, the Court agrees and sustains Cargill's motion to dismiss.

### Motions To Dismiss Under Rule 12(b)(6)

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *see also Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The Court must make all reasonable inferences in favor of plaintiff. *Zinermon,* 494 U.S. at 118, 110 S.Ct. 975; *see also* Fed.R.Civ.P. 8(a); *Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993). The issue in reviewing the sufficiency of plaintiff's complaint is not whether it will prevail, but whether it is entitled to offer evidence to support its claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in sup-

1. In the same count, plaintiff also brings suit under Section 113 of CERCLA. *See Com-* *plaint* (Doc. # 1) at 7. Cargill does not challenge this claim.

port of its theory of recovery that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991). Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

### Analysis

Cargill argues that based on the allegations of plaintiff's complaint, plaintiff cannot bring suit under Section 107. CERCLA provides two types of legal actions by which parties may recoup costs associated with .hazardous waste cleanup. A party that is potentially responsible for the costs associated with hazardous waste cleanup and site remediation may bring an action for contribution under Section 113(f), 42 U.S.C. § 9613(f). Parties who are not themselves liable under CERCLA, however, can bring a cost recovery action under Section 107(a), 42 U.S.C. § 9607(a). Section 107(a) imposes joint and several liability among potentially responsible parties, regardless of fault. *United States v. Colorado & Eastern Ry. Co.,* 50 F.3d 1530, 1535 (10th Cir.1995).

The Tenth Circuit has established that a potentially responsible party ("PRP") generally cannot sue another PRP under Section 107(a). *See Sun Co., Inc. v. Browning–Ferris, Inc.,* 124 F.3d 1187, 1191 (10th Cir.1997); *Colorado & Eastern Ry. Co.,* 50 F.3d at 1536. Cargill argues that because

plaintiff alleges that it owns the property at issue, it is a PRP. *See* 42 U.S.C. § 9607(a)(1), (2) (owner of property is PRP). Plaintiff argues that it can sue under Section 107 because no court has determined that it is a PRP and it has not admitted that fact. Plaintiff's argument ignores the fact that by acknowledging that it owns the site in question, plaintiff has admitted that it is a PRP. While Section 107 contains narrow defenses to PRP liability, see 42 U.S.C. § 9607(b), plaintiff's complaint does not allege that any of these exceptions apply.[2] Taken as true, plaintiff's allegations establish that it owns the property. Plaintiff therefore must allege that it meets a defense to PRP status before it can bring suit under Section 107. *See Sinclair Oil Corp. v. Dymon, Inc.,* 988 F.Supp. 1394, 1397 (D.Kan.1997); *Mathews v. Dow Chemical Co.,* 947 F.Supp. 1517, 1520 (D.Colo.1996); *M & M Realty Co. v. Eberton Terminal Corp.,* 977 F.Supp. 683, 687 (M.D.Pa.1997). Taking the allegations in plaintiff's complaint as true, they do not show any dispute regarding plaintiff's liability as a PRP.

Plaintiff argues that even if it is technically liable as a PRP, it can bring suit under Section 107 because it did not contribute to the hazardous waste at the property in question. Plaintiff relies on *Rumpke of Ind., Inc. v. Cummins Engine Co., Inc.,* 107 F.3d 1235 (7th Cir.1997), which holds that a landowner can bring suit under Section 107, despite its PRP status, when it denies contributing to the contamination at issue.[3] *Id.* at 1241. The

---

**2.** The Tenth Circuit has expressly avoided determining whether a PRP who asserts that it is innocent can bring a recovery action under Section 107. *See Sun Co., Inc.,* 124 F.3d at 1191 n. 1. As the Tenth Circuit noted, however, other courts hold that a PRP who is not liable can sue under Section 107. *Id.* (citing *Redwing Carriers, Inc. v. Saraland Apts.,* 94 F.3d 1489, 1496 (11th Cir.1996); *United Technologies Corp. v. Browning–Ferris Indus., Inc.,* 33 F.3d 96, 99–100 (1st Cir.1994), *cert. denied,* 513 U.S. 1183, 115 S.Ct. 1176, 130 L.Ed.2d 1128 (1995); *Akzo Coatings, Inc. v. Aigner Corp.,* 30 F.3d 761, 764 (7th Cir.1994). *See also Sinclair Oil Corp. v. Dymon, Inc.,* 988 F.Supp. 1394, 1396 n. 1 (D.Kan.1997); *Math-*

*ews v. Dow Chemical Co.,* 947 F.Supp. 1517, 1520 (D.Colo.1996). The Court therefore assumes for purposes of this motion that a PRP who is not liable can bring suit under Section 107.

**3.** Plaintiff also relies on certain language in *Sun Co.,* where the Tenth Circuit stated that "a party who did not contribute to the waste may recover all of its expenditures in a traditional § 107(a) 'cost recovery' action against any PRP." 124 F.3d at 1193. Plaintiff concedes, however, that the Tenth Circuit in *Sun Co.* expressly stated that it was not deciding whether a PRP who asserts its innocence can

Court finds that *Rumpke* does not help plaintiff here for two reasons. First, while plaintiff outlines defendants' contamination of the property in question, plaintiff never alleges that it did not contribute to the contamination. *See Complaint* (Doc. # 1). As Cargill notes, even those courts which follow *Rumpke* require plaintiff to plead its own innocence before it can bring suit under Section 107. *See Soo Line R. Co. v. Tang Industries, Inc.,* 998 F.Supp. 889, 895 (N.D.Ill.1998). Plaintiff's failure to plead its innocence therefore prevents it from bringing suit under Section 107.

Second, and more importantly, the Court is not persuaded to follow *Rumpke*. While most courts agree that an "innocent" owner can bring suit under Section 107, the courts disagree over what constitutes innocence. Most courts require plaintiff to establish that it is not liable under Section 107 by meeting one of the defenses set forth in Section 107(b), such as the "innocent landowner" defense. *See New Castle County v. Halliburton NUS Corp.,* 111 F.3d 1116, 1124 (3d Cir.1997); *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.,* 191 F.3d 409, 416 (4th Cir.1999); *M & M Realty Co.,* 977 F.Supp. at 685–86; *Mathews,* 947 F.Supp. at 1520. In *Rumpke,* however, the Seventh Circuit held that a party can bring suit under Section 107 if it did not contribute to the contamination, despite the fact that the party itself also remains liable under Section 107. 107 F.3d at 1241. *Rumpke* therefore adopts a lessened standard of "innocence" than other courts.

■ The Court sees no reason to adopt the low standard set forth in *Rumpke*. Another court in this district has implicitly rejected *Rumpke* by requiring plaintiff to allege facts which show that it meets the elements of the stricter "innocent landowner" defense permitted by Section 107(b). *Sinclair Oil,* 988 F.Supp. at 1397. The court noted that

> [p]laintiff has failed to plead these elements. Plaintiff merely avers that it did not add to the contamination of the hazardous waste site. This may be true, but such a claim does not permit plaintiff to shed the PRP label and bring an action for cost recovery under § 107.

*Id.* The Court sees no reason to disagree with *Sinclair Oil* and adopt the low standard set by *Rumpke*. As noted above, most courts agree with the approach taken by the District of Kansas in *Sinclair Oil,* and the lower *Rumpke* standard has not gained widespread acceptance. Courts and commentators have noted that the *Rumpke* approach goes against the express purposes and strict liability scheme of CERCLA. Congress intended CERCLA "to ensure the prompt and effective cleanup of waste disposal sites, and to assure that parties responsible for hazardous substances bore the cost of remedying the conditions they created." *Mardan Corp. v. C.G.C. Music, Ltd.,* 804 F.2d 1454, 1455 (9th Cir.1986). To promote this goal, CERCLA imposes strict liability on *all* PRPs, regardless of fault, and creates a right of contribution for PRPs who have contributed more than their fair share of the costs. *Colorado & E. Ry. Co.,* 50 F.3d at 1535; *Axel Johnson,* 191 F.3d at 416. "The rule that potentially responsible persons cannot sue under § 107 protects the strict liability scheme created by the stat-

bring suit under Section 107. *Id.* at 1191 n. 1. A fair reading of *Sun Co.* suggests that the Tenth Circuit used this language to show that even if it agreed with *Rumpke,* plaintiff in *Sun Co.* still would not be able to bring suit under Section 107 because plaintiff *had* contributed to the waste at the site and was obviously limited to a contribution action under Section 113 based on Tenth Circuit precedent. *Id.* at 1189, 1193. Especially because the Tenth Circuit expressly avoided the question of whether an innocent PRP can bring an action

under Section 107, the Court does not believe that *Sun Co.* is persuasive authority in favor of adopting the *Rumpke* standard. The Tenth Circuit did not determine whether a PRP which asserted its innocence could bring suit under Section 107, let alone determine what standard of innocence should apply. *See, e.g., Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.,* 191 F.3d 409, 416 (4th Cir.1999) (noting that innocence may not even allow claim under Section 107).

ute, and thus any exceptions to that rule should be narrow ones." *Axel Johnson,* 191 F.3d at 416. Plaintiff provides no compelling reason to adopt the low standard of innocence which *Rumpke* creates, and the Court therefore finds that plaintiff cannot bring a Section 107 claim even if it did not contribute to the hazardous waste in this case.[4]

**IT IS THEREFORE ORDERED** that *Defendant Cargill's Motion To Dismiss Count I Of Plaintiff's Complaint For Failure To State A Claim Upon Which Relief Can Be Granted* (Doc. # 14) filed December 9, 1998 be and hereby is **SUSTAINED.**

---

4. In a footnote, Cargill also argues that if the Court dismisses plaintiff's Section 107 claim, it Court should require plaintiff to file an amended complaint which clarifies its Section 113 claim. *See Brief In Support Of Cargill's Motion To Dismiss For Failure To State A* *Claim* (Doc. # 15) at 6 n. 6. The Court is satisfied, however, that plaintiff's complaint is adequate to place defendants on notice of the nature of plaintiff's Section 113 claim and the Court therefore denies Cargill's request.