962 F.2d 757
 60 USLW 2643, 15 Employee Benefits Cas. 1127
 Jason W. NOVAK, Appellant,
v.
ANDERSEN CORPORATION, a Minnesota corporation; Andersen
Corporation Employee Stock Ownership Plan and Trust; G.A.
Hoel, individually, and as Trustee, Plan Administrator and
Committee Member of the Andersen Corporation Stock Ownership
Plan and Trust; John Victor Jensen, individually, and as
Trustee, Plan Administrator and Committee Member of the
Andersen Corporation Employee Stock Ownership Plan and
Trust; M.O. Johnson, individually, and as Trustee, Plan
Administrator and Committee Member of the Andersen
Corporation Employee Stock Ownership Plan and Trust; L.W.
Kedrowski, individually, and as Trustee, Plan Administrator
and Committee Member of the Andersen Corporation Employee
Stock Ownership Plan and Trust; H.C. Meissner,
individually, and as Trustee, Plan Administrator and
Committee Member of the Andersen Corporation Employee Stock
Ownership Plan and Trust; G. Schneider, individually, and
as Trustee, Plan Administrator and Committee Member of the
Andersen Corporation Employee Stock Ownership Plan and
Trust; W.A. Wellman, individually, and as Trustee, Plan
Administrator and Committee Member of the Andersen
Corporation Employee Stock Ownership Plan and Trust; John
Doe; Richard Roe; Other Trustees; Plan Administrators and
the Committee Members of the Andersen Corporation Employee
Stock Ownership Plan and Trust, whose identities are
unknown, Appellees.
 No. 91-1957.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1991.
Decided April 9, 1992.
Rehearing and Suggestion for Rehearing En Banc Denied May 29, 1992.
 
 Matthew B. Newman, Minneapolis, Minn., argued (David D. Himlie, Edina, Minn., on brief), for appellant.
 Edward M. Laine, St. Paul, Minn., argued (Paul W. Iversen, on brief), for appellees.
 Before LAY,* Chief Judge, ARNOLD,** Circuit Judge, and STUART, Senior District Judge.***
 ARNOLD, Circuit Judge.
 
 
 1
 This is a case brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., by the beneficiary of a qualified ERISA plan to recover damages for his former employer's alleged breach of its fiduciary duty under that plan. The District Court[1] granted summary judgment for the defendants, holding that the damages requested by the plaintiff were extra-contractual damages, and that extra-contractual damages are not available under ERISA. We hold that the damages sought by plaintiff in this case are not "equitable relief" within the meaning of the statute, and we therefore affirm.
 
 I.
 
 2
 Jason W. Novak was employed by Andersen Corporation until June 26, 1987, when he quit and elected to cash out his accumulated benefits in the Andersen Corporation Employee Stock Ownership Plan (the Plan), a qualified ERISA plan. He received a distribution of $84,637 on June 29, 1987, and a final distribution of $3,199.54 on February 2, 1988. Neither Andersen Corporation nor the Plan administrators gave Novak written notice of the "roll-over option," as required by Internal Revenue Code § 402(f), upon either of the distributions. The roll-over notice explains the procedures under which Novak's distribution would not have been immediately subject to tax if transferred to an eligible retirement plan within sixty days of the distribution. Novak did not transfer his distribution to an eligible retirement plan and was therefore taxed on the entire distribution.
 
 
 3
 On August 12, 1988, and again on May 9, 1989, Novak's counsel sent a letter to Andersen Corporation regarding its failure to provide the notice alleged by Novak to be required under the Plan. Novak points to paragraph 3.9 of the Plan, which states that "[t]he committee shall prepare, or cause to be prepared, such reports, disclosures and other filings as are required by law and shall ... distribute the same as so required." Novak claimed in the letters, and continues to claim here, that the roll-over notice is a disclosure "required by law" and, consequently, it should have been sent to him. Novak demanded damages, alleging that the committee's failure to give him the notice was a breach of its fiduciary duty. On June 13, 1989, the Plan committee stated that it had considered Novak's demand and denied the claim. The committee interpreted the provision as requiring distribution of only ERISA-required reports and not IRS-required notices. A week later, Novak filed suit.
 
 II.
 
 4
 The parties agree that the Plan administrators did not give written notice to Novak as required by section 402(f) of the Internal Revenue Code. Furthermore, we will assume without deciding that this failure to give notice was a breach of the Plan. The only issue, then, is whether the alleged breach is remediable under ERISA.
 
 
 5
 Novak's remedy, if he has one, arises under 29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)), which states:
 
 
 6
 (a) Persons empowered to bring a civil action
 
 
 7
 A civil action may be brought--
 
 
 8
 (1) ...
 
 
 9
 (2) ...
 
 
 10
 (3) By a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.
 
 
 11
 ERISA also provides a legal remedy, which allows a beneficiary to recover monetary damages for benefits owed under the Plan. The Plan here does not provide, and Novak does not argue, that compensation for tax losses caused by the Plan administrator's failure to give a roll-over notice is one of those benefits. In fact, Novak concedes that he received all benefits to which he was entitled under the Plan. He claims he is not seeking legal relief at all, but equitable relief under § 502(a)(3)(B), and that the only "appropriate equitable relief" is monetary damages. We do not disagree with Novak's assertion that monetary damages may indeed be the only appropriate relief in this case. We do disagree, however, with his proposition that an award of monetary damages is equitable relief under ERISA.
 
 
 12
 Novak rests his argument on the distinction between contractual damages and extra-contractual damages. He claims that his damages are contractual damages and fit within § 502(a)(3) under "other appropriate equitable relief." The relevance of the distinction between contractual and extra-contractual for purposes of this particular section of ERISA escapes us. Both are monetary damages; both are traditionally legal, not equitable, relief. The fundamental issue, then, is not whether, as Novak claims, the damages are contractual or extra-contractual, but rather whether these monetary damages qualify as "other appropriate equitable relief."
 
 
 13
 No one disputes that ERISA allows a beneficiary such as Novak to get "contractual" damages--i.e., funds to which he is entitled under the Plan--under a different ERISA provision. See 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)). Novak is not claiming damages under this provision, however. The ERISA provision Novak invokes entitles him, as a beneficiary, to equitable relief, i.e., forcing a delinquent plan administrator to perform his duties under the plan or even, if warranted, imposing a constructive trust on the plan's assets. It does not, however, entitle him to force a delinquent plan administrator to pay monetary damages to compensate Novak for injuries suffered as a result of the administrator's alleged breach of the plan, whether he calls those damages "contractual" or "extra-contractual." This is true regardless of the fact that Novak could possibly get such damages in a non-ERISA breach-of-contract action.
 
 III.
 
 14
 To determine what Congress meant when it allowed "other appropriate equitable relief," we look first to the statute itself.[2] ERISA § 502(a) is the only section in the ERISA scheme which provides for enforcement of an ERISA plan and relief to its beneficiaries. Nowhere does it allow damages which are reasonably foreseeable from a breach of the plan, as would generally be available in a legal action for breach of contract. Nor does § 502(a)(3) expressly say anything about the recovery of compensatory or punitive damages. Absent some specific indication by Congress that it intended to offer a form of relief not explicitly provided for by the governing provisions, we cannot conclude that the statute itself affords Novak the relief he is requesting. And we find nothing in the statutory language to persuade us to interpret "other appropriate equitable relief" to mean anything other than what it usually means--declaratory or injunctive relief.
 
 
 15
 An examination of the statute's legislative history further compels the conclusion that the damages claimed by Novak are unavailable. The Senate Finance Committee report on ERISA defined "appropriate equitable relief" as follows:
 
 
 16
 Appropriate equitable relief may be granted in a civil action. For example, injunctions may be granted to prevent a violation of fiduciary duty, and a constructive trust may be imposed on the plan assets, if needed to protect the participants and beneficiaries. Also, the bill specifically provides that a fiduciary may be removed through civil action brought by the Secretary or participants or beneficiaries if he has violated any of the specified fiduciary obligations.... It is expected that a fiduciary ... may be removed for repeated or substantial violations of his responsibilities, and that upon removal the court may, in its discretion, appoint someone to serve until a fiduciary is properly chosen in accordance with the plan.
 
 
 17
 S.Rep. No. 383, 93d Cong., 2d Sess. 105-06, reprinted in 1974 U.S.Code Cong. & Admin.News 4890, 4989. This passage lists the traditional equitable remedies of injunctive and declaratory relief and imposition of a constructive trust. We are not inclined to legislate by adding monetary damages to this already complete list.
 
 
 18
 Finally, although it did not squarely address the issue before us, the Supreme Court in Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), held that 29 U.S.C. § 1109(a) (ERISA § 409(a)) allowing "such other equitable or remedial relief as the court may deem appropriate" did not allow a court to award extra-contractual damages to a beneficiary. Extra-contractual damages included damages which compensated the injured party for losses and injuries caused by a breach of the administrator's fiduciary duties. See 473 U.S. at 138, 105 S.Ct. at 3088. The Court explained as follows:
 
 
 19
 [t]he six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute." Nachman Corp. v. Pension Benefit Guaranty Corporation, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980).
 
 
 20
 473 U.S. at 146, 105 S.Ct. at 3092. While Russell interpreted ERISA § 409(a) and not § 502(a)(3)(B), we find its analysis persuasive in interpreting "equitable relief" under § 502(a)(3)(B).
 
 
 21
 Novak points to a Sixth Circuit case, Warren v. Society National Bank, 905 F.2d 975 (1990), cert. denied, --- U.S. ----, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991), to support his claim that his damages are contractual and, hence, recoverable. Warren held that certain damages claimed by a beneficiary of an ERISA plan were "contractual"--as opposed to extra-contractual like those in Russell--and were recoverable under § 502(a)(3)(B) as "other appropriate equitable relief." Novak argues that his situation is factually similar to the plaintiff's situation in Warren and urges us to adopt its reasoning.
 
 
 22
 First, we decline to adopt the reasoning of the Sixth Circuit on this issue. As we stated earlier, whether Novak's damages are contractual or extra-contractual is irrelevant to our decision. Both are monetary damages; both are traditionally legal, not equitable, relief. We disagree with the Sixth Circuit that the fact that the damages are "contractual" somehow makes them an equitable remedy. We agree with the dissent that § 502(a)(3)(B) uses the word "redress," and that "redress" means "to compensate." Undeniably, contractual damages do "redress" the injury, just as all remedies by definition "redress" an injury. But § 502(a)(3)(B) allows only "appropriate equitable relief ... to redress such violations." Damages are damages, and an award of damages is a legal, not an equitable, remedy.
 
 
 23
 Furthermore, even if we were inclined to follow Warren and award damages under § 502(a)(3)(B) in some situations, this would not be one of those situations. In Warren the beneficiary claimed he was denied one of the specific benefits under the plan. That is, the plan gave its beneficiaries several options under which they could withdraw their share of the plan assets. The option the beneficiary in Warren chose was a single-sum distribution. The plan administrator failed to follow the beneficiary's instructions and make a single-sum distribution, causing the damages claimed. Therefore, the beneficiary in Warren was denied an actual benefit he was entitled to under the plan. Novak, however, received all of the benefits to which he was entitled under the Plan. He claims that the administrators committed a breach of their fiduciary duty by failing to give notice of the roll-over option. We see a consequential difference between an administrator's failing to provide a benefit under the plan and violating a fiduciary duty.
 
 
 24
 Affirmed.
 
 
 25
 STUART, Senior District Judge, dissenting.
 
 
 26
 The majority holds that the damages sought by plaintiff in this case are not "equitable relief" within the meaning of the statute. Because I believe that the statute gives the courts authority to decree such compensation and that the Russell case is distinguishable on both factual and legal grounds, I dissent.
 
 
 27
 I would adopt the reasoning of Senior Circuit Judge Lively expressed in Warren v. Society National Bank, 905 F.2d 975, 978-983 (6th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991). See also Russell, 473 U.S. at 148-158, 105 S.Ct. at 3093-3098 (Brennan, J., concurring). In context, the phrase "other appropriate equitable relief ... to redress such violations" should be construed to authorize courts to fashion remedies for existing rights created by ERISA or plan provisions. The form of remedy is to be shaped generally by reference to equity jurisprudence, which permits decrees for the payment of money. See Warren, 905 F.2d at 981-82. In particular, however, the use of the word "redress" emphasizes the authority of the court to order compensation. "Redress" is defined as "to set (a wrong) right: REMEDY * * * to make up for: COMPENSATE * * *." Webster's Third New Int'l Dictionary 1904 (1971). See also Black's Law Dictionary 1150 (5th Ed.1979) ("Satisfaction for an injury or damages sustained. Damages or equitable relief."). Accordingly, I would hold that the courts have authority to order the compensation sought here as "other appropriate equitable relief" under § 1132(a)(3)(B)(i).
 
 
 28
 This holding would not conflict with other courts of appeals' holdings. They involve claims for punitive damages, emotional distress or other clearly extracontractual damages. The claim here is that failure to give notice of the rollover provision of the IRS violated the plan provision to give notices "required by law" and resulted in additional income tax. I consider this a loss alleged to have been caused directly by breach of contract.
 
 
 29
 On the other hand, the majority's holding creates a direct conflict with the decision of the Sixth Circuit in Warren. See Warren, 905 F.2d at 982. Given that the opinion of the court in Russell did not address the issue, see 473 U.S. at 139 n. 5, 105 S.Ct. at 3088 n. 5, I would follow the guiding light given by Justice Brennan's concurrence and Judge Lively's opinion in Warren and reverse the decision of the district court.
 
 
 
 *
 The Hon. Donald P. Lay was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed
 
 
 **
 The Hon. Richard S. Arnold became Chief Judge of the United States Court of Appeals for the Eighth Circuit on January 7, 1992
 
 
 ***
 The Hon. William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The Hon. David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 (a) Persons empowered to bring a civil action
 A civil action may be brought--
 (1) by a participant or beneficiary--
 (A) for the relief provided for in subsection (c) of this section, or
 (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
 (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
 (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
 (4) by the Secretary, or by a participant[ ] or beneficiary, for appropriate relief in the case of a violation of [section] 1025(c) of this title;
 (5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or
 (6) by the Secretary to collect any civil penalty under subsection (i) of this section.
 29 U.S.C. § 1132(a) (ERISA § 502(a)).