Marcia N. FRASER, Plaintiff–Appellant,

v.

LINTAS: CAMPBELL–EWALD and the Interpublic Group of Companies, Inc., Defendants–Appellees.

No. 93–2252.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1994.

Decided June 9, 1995.

Bradley D. Gorman (argued), Hainer & Demorest, and Ashley Gorman (briefed), Gorman & Levine, Troy, MI, for plaintiff-appellant.

Elizabeth J. Basten (briefed), Nancy L. Hutcheson, and Bradley A. Carl (argued), Hill, Lewis, Adams, Goodrich & Tait, Detroit, MI, for defendants-appellees.

Before: MARTIN, NELSON, and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

This appeal obliges us to decide whether the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, provides a beneficiary of a qualified plan with a cause of action when she suffers adverse tax consequences due to the plan administrator's failure to provide her with timely notice of a "rollover option" as required by the Internal Revenue Code. Because such notice does not constitute a "benefit due to [her] under the terms of [her] plan" as contemplated by ERISA, we conclude that the district court properly dismissed the complaint for failure to state a claim.

## I.

Plaintiff, Marcia N. Fraser, received a lump-sum distribution of $173,545 from de-fendant Interpublic Group of Companies ("Interpublic"), the administrator of a qualified ERISA plan sponsored by defendant Lintas: Campbell–Ewald ("Lintas"). Plaintiff's ex-husband, Frank Fraser, worked for Lintas. The distribution was the result of a qualified domestic relations order issued on April 11, 1990, by the Circuit Court of Oakland County, Michigan; the order awarded plaintiff fifty percent of the benefits that Mr. Fraser had accrued under the ERISA plan.

On May 4, 1990, Josephine Abramonte, on behalf of Interpublic, mailed a check for $173,545 to plaintiff. The accompanying letter stated that the check "represents the lump sum distribution awarded to you from Mr. Frank Fraser's Interpublic Saving [sic] Plan account." The letter went on to say, "[a] statement notifying you of the tax liability on this distribution will be sent to you shortly." No such statement arrived, and plaintiff alleges that, as a result of this oversight, she incurred $28,310 in unnecessary tax liability.

Plaintiff sought to redress this injury by filing a complaint in federal district court on May 4, 1993. The complaint alleges that both Interpublic and Lintas breached the fiduciary duties imposed upon them by ERISA. In the case of Interpublic, the breach allegedly occurred when the company failed to comply with a section of the Internal Revenue Code, 26 U.S.C. § 402(f)(1), that requires a plan administrator to provide written notice of the tax consequences of a distribution to its recipient.[1] With respect to Lintas, the alleged breach was its failure to adequately monitor the performance of the plan administrator.

In dismissing her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the district court characterized plaintiff's claims as equitable in nature. As such, the court found that they were foreclosed by *Mertens v. Hewitt As-*

---

1. This provision reads as follows:

   **(f) Written explanation to recipients of distributions eligible for rollover treatment.—**

   **(1) In general.**—The plan administrator of any plan shall, when making an eligible rollover distribution, provide a written explanation to the recipient—

   **(A)** of the provisions under which such distribution will not be subject to tax if transferred to an eligible retirement plan within 60 days after the date on which the recipient received the distribution.

   26 U.S.C. § 402(f)(1)(A) (footnote omitted) (since amended).

*socs.,* —— U.S. at ——, 113 S.Ct. 2063 (1993), in which the Supreme Court declined to read the "equitable relief" language of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), as authorizing an award of money damages.

On review, we believe that *Mertens,* though persuasive, is not dispositive. While it clearly precludes parties from attempting to recover money damages for equitable claims pursuant to § 502(a)(3), *Mertens* did not address claims for breach of contract brought pursuant to ERISA § 502(a)(1)(B). Nonetheless, *Mertens'* stated preference for a narrow reading of the equitable remedies available under ERISA, —— U.S. at ——, 113 S.Ct. at 2068, leads us to conclude that money damages are not available under § 502(a)(1)(B) for claims that are equitable in nature.

## II.

▆▆▆ This court reviews *de novo* the grant of a motion to dismiss based upon the failure to state a claim. *Taxpayers United for Assessment Cuts v. Austin,* 994 F.2d 291, 296 (6th Cir.1993). In assessing the merits of the suit, this court must accept as true the factual allegations contained in the complaint. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993).

Plaintiff contends that defendants breached their statutorily-defined fiduciary duty[2] to her by failing to explain the tax consequences of her ERISA distribution.[3] Section 404(a) of ERISA, 29 U.S.C. § 1104, outlines the role of a fiduciary:

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of:

(i) providing benefits to participants and their beneficiaries; and

(ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use....

. . . .

(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter....

29 U.S.C. § 1104(a)(1). The complaint alleges that plaintiff never received an explanation of a rollover option, even though the Internal Revenue Code, 26 U.S.C. § 402(f)(1), obligated Interpublic to apprise her of this alternative. Plaintiff argues that the oversight constituted a failure by Interpublic to act in her best interest as a plan beneficiary.[4]

In *Warren v. Society Nat'l Bank,* 905 F.2d 975, 981 (6th Cir.1990), *cert. denied,* 500 U.S. 952, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991), we construed § 502(a)(3) of ERISA to include the award of monetary damages. Section 502(a)(3) provides as follows:

[a] civil action may be brought—

. . . .

(3) by a ... beneficiary ... (B) to obtain other appropriate equitable relief (i) to redress such violations [of the terms of a plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan....

29 U.S.C. § 1132(a). Seeking guidance from Justice Brennan's concurrence in *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), which read the term "equitable relief" to

---

2. It is not disputed that both Interpublic and Lintas are fiduciaries within in the meaning of ERISA.

3. The parties agree that plaintiff qualifies as a beneficiary under ERISA. 29 U.S.C. § 1002(8).

4. She also relies upon Interpublic's alleged failure to fulfill promises made in its Plan Summary to the effect that it would keep participants informed of their rights and benefits. According to

plaintiff, Interpublic breached its duty to act "in accordance with the documents and instruments governing the plan," 29 U.S.C. § 1104(a)(1)(D), by failing to tell her of the rollover option. As explained hereafter in note 7, however, the Plan Summary contained no promise comparable to that contained in the letter Interpublic sent plaintiff on May 4, 1990—and the terms of the plan were set forth in the plan documents, including the Plan Summary, not in the letter.

encompass monetary damages, we reasoned that "Justice Brennan's conclusion is correct that under the law of trusts, a beneficiary is entitled to a remedy that will put him in the position he would have been in if the fiduciary had not committed a breach of trust, and that such a remedy includes monetary damages." *Warren*, 905 F.2d at 982.

In *Warren*, the ERISA fiduciary failed to carry out the beneficiary's instructions to distribute all of his assets during the same calendar year. The oversight resulted in an unnecessary tax liability of some $86,000. *Id.* at 976. We determined that the fiduciary breached its contractual duty, expressed in its summary plan description, to "abide by the participant's election of the type of distribution he desires." *Id.* at 980. Because of this error, "[t]he only redress available was damages to compensate him for the injury caused by the bank's breach of duty." *Id.* at 982. Accordingly, we held, "[i]n light of the plain language of the statute, the common law of trusts, and the role of courts in equity, we find that the damages sought by Dr. Warren are recoverable as 'other appropriate equitable relief' under section 502(a)(3)(B)(i)." *Id.* As this brief summary of *Warren* indicates, more than a passing similarity exists between the case now before us and the facts before the *Warren* court.

The Supreme Court, however, subsequently held that § 502(a)(3) does not include money damages:

Although they often dance around the word, what petitioners in fact seek is nothing other than compensatory *damages*— monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of *legal* relief.

. . . .

... Since *all* relief available for breach of trust could be obtained from a court of equity, limiting the sort of relief obtainable under § 502(a)(3) to "equitable relief" in

the sense of "whatever relief a common-law court of equity could provide in such a case" would limit the relief *not at all.* We will not read the statute to render the modifier superfluous. . . .

*Mertens v. Hewitt Assocs.,* —— U.S. at —— ——, 113 S.Ct. at 2068–69 (citations omitted) (footnote omitted). In our view, *Mertens* effectively overrules *Warren.*[5]

■ Plaintiff implicitly recognizes this development inasmuch as she premises her right to monetary recovery on § 502(a)(1)(B). That section reads in part as follows:

**(a) Persons empowered to bring a civil action**

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a). For this section to apply to her case, of course, we must find that her right to notice of potential lost tax advantages qualifies as a "benefit due" under the terms of the plan.

As the summary plan description provided by Interpublic makes clear, tax savings are an incentive to participate in the plan. Moreover, the summary description highlights the advantages to be gained from use of the "rollover" provision. In our view, however, it strains the overall structure of ERISA[6] to characterize the right to timely notice of the rollover option or the tax advantages associated with that option as benefits due under the plan.

Plaintiff's complaint hinges upon Interpublic's failure to advise her of the rollover option. It does not allege that the plan failed to disburse the correct amount to plaintiff

---

5. At least two other circuits anticipated *Mertens* and declined to award money damages pursuant to § 502(a)(3) for a breach of fiduciary duty. *See Novak v. Andersen Corp.,* 962 F.2d 757, 760–61 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2928, 124 L.Ed.2d 678 (1993); *Lee v. Burkhart,* 991 F.2d 1004, 1011 (2nd Cir.1993).

6. Courts consistently describe ERISA as a "comprehensive and reticulated statute." *E.g., Mertens,* —— U.S. at ——, 113 S.Ct. at 2066 (citing *Nachman Corp. v. PBGC,* 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980)).

under the terms of the qualified domestic relations order, nor does it contend that anything further is owed by the plan itself as the result of her failure to roll over the amount received. Furthermore, the "duty" to inform plaintiff of the rollover option was imposed by 26 U.S.C. § 402(f)(1), not by any statements made in the terms of the summary plan description.[7] Because the tax code provides a penalty provision, 26 U.S.C. § 6652(i), for violations of § 402(f)(1), it is difficult to see how Interpublic's alleged breach of that provision denied her a benefit due *under the terms of the plan,* as is required for recovery under ERISA § 502(a)(1)(B). We are not entitled to create a non-statutory remedy for breach of an obligation imposed by § 402(f)(1), the detailed enforcement scheme crafted by Congress having provided "strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. at 146, 105 S.Ct. at 3092, as quoted in *Mertens,* —— U.S. at ——, 113 S.Ct. at 2067.

In a case decided before *Mertens,* the eighth circuit reached a similar result when faced with facts nearly identical to those now before us. *Novak v. Andersen Corp.,* 962 F.2d 757 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2928, 124 L.Ed.2d 678 (1993). The plaintiff in *Novak* alleged that he failed to receive notice of the rollover option and suffered adverse tax consequences as a result. He did not, however, claim that the tax advantages constituted a "benefit due" under the plan; rather, he argued that his tax loss entitled him to equitable relief pursuant to § 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3). The eighth circuit endorsed his pleading decision by stating, "Novak's remedy, if he has one, arises under 29 U.S.C. § 1132(a)(3)." *Novak,* 962 F.2d at 759.

In the case before us, counsel for plaintiff, during the district court's hearing on defendant's motion to dismiss, acknowledged the problem presented by *Mertens.* Plaintiff's counsel stated, "[a]t the time the complaint

was drafted Mertems [sic] did [sic] not come down and we did not have that guidance from the Supreme Court. It's clear now the Supreme Court says there is a legal right somewhere in ERISA and challenging [sic] litigants like ourselves to find that right." While we understand plaintiff's reluctance to bring her claim pursuant to § 502(a)(3)(B) in light of *Mertens,* as the eighth circuit recognized, that is the appropriate ERISA provision for an equitable claim such as hers.

For the foregoing reasons, we hold that tax advantages forfeited because of the failure by a fiduciary to provide notice of a rollover option do not constitute a recoverable "benefit due" under § 502(a)(1)(B) of ERISA.

### III.

For the foregoing reasons, the judgment of the district court is **affirmed.**

---

7. This document contains a section, "Tax Considerations," that describes the tax savings to be derived from rolling over monies received; it does not, however, explicitly promise to keep the beneficiary informed of the workings of this pro-

vision. In fact, it advises beneficiaries "to consult with a tax advisor of your own choosing" before deciding "how to receive your Plan payment."