**HEWLETT–PACKARD COMPANY, a California corporation, and Hewlett–Packard Company Employee Benefits Organization, an incorporated voluntary employees' beneficiary association, Plaintiffs,**

**v.**

**Judith K. DIRINGER, Defendant.**

**No. Civ.A. 95 N 1435.**

United States District Court,
D. Colorado.

March 2, 1999.

Gregory, J. Kerwin, Patricia Simmons Foley, Gibson, Dunn & Crutcher, Denver, CO, Joseph P. Busch III, Gibson, Dunn & Crutcher, Irvine, CA, for Plaintiffs.

## MEMORANDUM OPINION AND ORDER

NOTTINGHAM, District Judge.

This declaratory-judgment action requires the court to decide whether the federal Employee Retirement Income Security Act of 1974 preempts certain provisions of the Workers' Compensation Act of Colorado. Plaintiffs Hewlett–Packard Company and Hewlett–Packard Company Employee Benefits Organization [collectively, "Hewlett–Packard," unless otherwise noted] ask this court to declare that: (1) the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001 to 1461 (West 1999) [hereinafter "ERISA"] preempts Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987), as effective in May 1989, and Colo.Rev.Stat. §§ 8–40–201(19) and 8–42–102 (1998), as currently in effect[1]; and (2) Hewlett–Packard is not required to include the value of benefits it provides through ERISA-governed employee benefit plans in calculating an employee's average weekly wage under the Workers' Compensation Act of Colorado, Colo.Rev.Stat. §§ 8–40–101 to 8–47–209 (1998) [hereinafter "Workers' Compensation Act"]. The matter is before the court on: (1) "Plaintiffs' Motion for Summary Judgment"; (2) "Defendant's Motion to Dismiss"; and (3) "Defendant Judith K. Diringer's Motion for Summary Judgment." Jurisdiction is based on 28 U.S.C.A. § 1331 (West 1993) and 29 U.S.C.A. § 1132(a)(3), (e)(1) (West 1999).

---

1. Plaintiff seeks declaratory relief concerning both the current and former versions of the Colorado statute. For reasons explained beginning at page 1043-44, *infra,* I decline to provide such relief with respect to the current version.

## FACTS

Defendant Judith K. Diringer is a former employee of Hewlett–Packard. (Pls.' Br. in Supp. of Mot. for Summ. J., Statement of Undisputed Material Facts ¶ 6 [filed Sept. 15, 1995] [hereinafter "Pls.' Summ. J. Br."]; *admitted at* Br. in Supp. of Judith K. Diringer's Mot. for Summ. J. and in Opp'n to Pls.' Mot. for Summ. J., Resp to Statement of Undisputed Material Facts ¶ 6 [filed Nov. 6, 1995] [hereinafter "Def.'s Summ. J. Br."].) In May 1989, defendant began to suffer from carpal tunnel syndrome. (*Id.*) Subsequently, she voluntarily terminated her employment with Hewlett–Packard. (Pls.' Summ. J. Br., Statement of Undisputed Material Facts ¶ 7; *admitted at* Def.'s Summ. J. Br., Resp. to Statement of Undisputed Material Facts ¶ 7.)

Thereafter, defendant applied for workers' compensation benefits. (Pls.' Summ. J. Br., Statement of Undisputed Material Facts ¶ 8; *admitted at* Def.'s Summ. J. Br., Resp. to Statement of Undisputed Material Facts ¶ 8.) After considering defendant's application, a Colorado administrative law judge ("ALJ") determined that defendant was (1) permanently and totally disabled and (2) entitled to lifetime workers' compensation benefits. (*Id.*) The ALJ's benefit award did not take into account the value of employee benefits which Hewlett–Packard provides through ERISA-governed employee benefit plans. (*See* Pls.' Summ. J. Br., Statement of Undisputed Material Facts ¶ 12; Def.'s Mot. to Dismiss ¶ 1 [filed Sept. 18, 1995].) The award is subject to reopening, however, on the issue of whether it should account for the value of ERISA-plan benefits to which defendant was entitled as a Hewlett–Packard employee. (*See* Def.'s Mot. to Dismiss ¶ 1; Pls.' Br. in Opp'n to "Def.'s Mot. to Dismiss" at 1 [filed October 3, 1995] [hereinafter "Pls.' Resp. to Mot. to Dismiss"].) According to plaintiffs, defendant is seeking to have the value of the ERISA-plan benefits included in the computation of her workers' compensation award. (*See* Pls.' Resp. to Mot. to Dismiss at 7.) Defendant does not dispute that allegation.

On June 6, 1995, plaintiffs filed a complaint in this court, asking it to declare that ERISA preempts Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987) and Colo. Rev.Stat. §§ 8–40–201(19) and 8–42–102 (Supp.1995) to the extent that those sections require Hewlett–Packard to include the value of ERISA-plan benefits in calculating an employee's average weekly wage for workers' compensation purposes. (Compl. for Declaratory J. [filed June 6, 1995].) Defendant denies that ERISA preempts those sections. (Stipulated Scheduling and Disc. Order at 3 [filed Sept. 25, 1995].) Both parties have moved for summary judgment on the merits of their relative positions. Defendant has also moved for dismissal on the grounds that: (1) this court lacks subject matter jurisdiction; (2) defendants have failed to state a claim upon which relief can be granted; and (3) plaintiffs lack standing to bring this action. Defendant renews her standing argument in her motion for summary judgment. I begin with this court's subject matter jurisdiction.

## ANALYSIS

### 1. Subject Matter Jurisdiction

 Defendant argues that this court lacks subject matter jurisdiction because ERISA does not authorize plaintiffs to bring this declaratory judgment action against her. She suggests that another defendant, such as the State of Colorado, would be appropriate.

ERISA provides:

A civil action may be brought ... (1) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C.A. § 1132(a). Plaintiffs maintain that, as fiduciaries of Hewlett–Packard's ERISA-governed employee benefit plans,

29 U.S.C.A. § 1132(a)(3) authorizes them to bring this action against defendant in order to enforce ERISA's preemption clause. Plaintiffs have presented evidence that they are fiduciaries, as defined by 29 U.S.C.A. § 1002(21)(A), of the plans. (*See* Exs. in Supp. of Pls.' Mot. for Summ. J., Ex. A [Lev Aff. ¶¶ 7–15] [filed Sept. 15, 1995].)

In support of her argument that ERISA does not authorize this action to be brought against her, defendant relies primarily on *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), and three circuit cases following it, *Buckley Dement, Inc. v. Travelers Plan Adm'r of Ill., Inc.*, 39 F.3d 784(7th Cir. 1994); *Reich v. Continental Casualty Co.*, 33 F.3d 754 (7th Cir.1994); *Reich v. Rowe*, 20 F.3d 25 (1st Cir.1994). After reviewing those cases, I conclude that they do not bear on the issue of whether ERISA authorizes plaintiffs to bring this action against defendant.

*Mertens* was a civil suit for money damages against a non-fiduciary who allegedly participated in a fiduciary's breach of an ERISA-imposed duty. *See Mertens*, 508 U.S. at 249, 113 S.Ct. at 2065. The Supreme Court held that ERISA does not authorize civil suits for monetary damages against non-fiduciaries who knowingly participate in a fiduciary breach. *Id.* at 262, 113 S.Ct. at 2071–72. The Court reasoned that 29 U.S.C.A. § 1132(a)(3) only authorizes actions for traditional equitable relief—injunction, mandamus, and restitution, for example, and does not authorize actions for legal relief in the form of money damages. *See id.* at 257–60, 113 S.Ct. at 2069–70. Here, by contrast, plaintiffs seek declaratory judgment, a traditional form of equitable relief. *See Lafoy v. HMO Colo.*, 988 F.2d 97, 100 (10th Cir. 1993) (citing *Harsch v. Eisenberg*, 956 F.2d 651, 656 [7th Cir.1992]; *Novak v. Andersen Corp.*, 962 F.2d 757, 760–61 [8th Cir. 1993] ).

Two of the circuit cases on which defendant relies conclude that, because ERISA provides no remedy against non-fiduciaries

who participate in a fiduciary breach, section 1132(a)(3) does not authorize any action against non-fiduciaries who allegedly participate in a fiduciary breach. *Continental Casualty Co.*, 33 F.3d at 757; *Rowe*, 20 F.3d at 30–31. In *Buckley Dement, Inc.*, the Seventh Circuit refused to fashion a federal common law cause of action under ERISA against non-fiduciaries accused of participating in a fiduciary breach. *Buckley Dement, Inc.*, 39 F.3d at 789.

Here, plaintiffs seek to enforce ERISA's preemption clause against a state law which, they maintain, "relates to" ERISA-governed employee benefit plans. The plain language of section 1132(a)(3) indicates that it authorizes actions for equitable relief necessary to enforce ERISA's provisions. *See* 29 U.S.C.A. § 1132(a)(3). Because ERISA specifically preempts state laws which "relate to" ERISA-governed plans, the plain language of section 1132(a)(3) authorizes plaintiffs' action for declaratory judgment. Defendant presents no authority for her contention that a declaratory judgment action designed to enforce ERISA's preemption clause cannot be brought against her, and none is apparent to the court. Thus, I conclude that 29 U.S.C.A. § 1132(a)(3) authorizes plaintiffs to bring this action against defendant. Accordingly, this court has subject matter jurisdiction over this matter.

**2. Failure to State a Claim Upon Which Relief can be Granted**

Defendant argues that, because ERISA does not authorize this action against her, plaintiffs have failed to state a claim upon which relief can be granted. Because I find that ERISA authorizes this action, I also conclude that plaintiffs have properly stated a claim. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that [plaintiffs] can prove no set of facts in support of

[their] claim which would entitle [them] to relief.").

### 3. Standing

As previously indicated, defendant raises the issue of plaintiffs' standing to bring this action in both her motion to dismiss and her motion for summary judgment. Because the standard applied on summary judgment is more rigorous than the standard applied on a motion to dismiss, *see* Fed.R.Civ.P. 56(e), I consider only whether plaintiffs have standing under the summary judgment standard.

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Concrete Works of Colorado, Inc. v. City and County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc.*, 36 F.3d at 1518 (citing *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. at 2554). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, *see* Fed.R.Civ.P. 56(e). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La–Z–Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir.1985). The factual record must be viewed in the light most favorable to the nonmoving party. *Concrete Works,*

*Inc.*, 36 F.3d at 1518 (citing *Applied Genetics Intern., Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 [10th Cir. 1990] ).

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Plaintiffs bear the burden of proving standing. *Id.* at 561, 112 S.Ct. at 2136; *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.1995). For plaintiffs to have standing to bring this action, they must satisfy three criteria: (1) "[they] must have suffered an 'injury in fact'—an invasion of a legally-protected interest which is (a) concrete and particularized, ... and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical' " ; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court' "; and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " *Lujan*, 504 U.S. at 560, 112 S.Ct. at 2136 (citations omitted).

Plaintiffs present evidence of an "injury in fact" in the form of their answers to defendant's interrogatories. (*See* Pls.' Br. in Opp'n to Def.'s Mot. for Summ. J. and Pls.' Reply in Supp. of Pls.' Mot. for Summ. J., Ex. 1 [Answers to Interrogs. at 3] [filed Nov. 20, 1996] [hereinafter "Pls.' Resp. to Def.'s Mot. for Summ. J."].) Plaintiffs state that, if workers' compensation awards must account for ERISA-plan benefits, Hewlett–Packard's cost of providing benefits to its employees through ERISA-governed plans will increase. (*Id.*) Thus, according to plaintiffs, Hewlett–Packard will respond to the added cost by either (1) charging employees more for participating in the plans, or (2) decreasing the level of benefits available to employees through the plans, either way harming individuals

or entities to which plaintiffs owe fiduciary duties. (*See* Pls.' Resp. to Mot. to Dismiss at 4.)

Defendant dismisses plaintiffs' allegations as conjectural. According to defendant, plaintiffs only speculate that Hewlett–Packard, in its capacity as employer rather than plan fiduciary,[2] will in fact "charge" the added cost to its employees or the plans as opposed to offsetting it some other way—absorbing the extra cost or passing it along to customers, for example. (Def. Judith K. Diringer's Br. in Reply to Pls.' Opp'n to Her Mot. to Dismiss at 4 [filed Oct. 13, 1995].) Based on that same reasoning, defendant also asserts that plaintiffs lack standing because their alleged injury is contingent on the action of Hewlett–Packard in its employer capacity. Thus, defendant maintains, there is an insufficient causal connection between plaintiffs' purported injury and sections of the workers' compensation act at issue. (*Id.* at 6.)

As defendant states, standing here is difficult to establish because plaintiffs are not directly affected by the provisions of the Workers' Compensation Act of which they complain. *See Lujan,* 504 U.S. at 562, 112 S.Ct. at 2137. Contrary to defendant's suggestion, however, it is not impossible to demonstrate. *See id.* To establish standing, plaintiffs must "adduce facts showing that [Hewlett–Packard's choices] have been or will be made in such manner as to produce causation...." *See Lujan,* 504 U.S. at 562, 112 S.Ct. at 2137. In considering a challenge to plaintiffs' standing in a motion for summary judgment, I must accept their allegations as true, so long as the allegations are supported by evidence. *See Lujan,* 504 U.S. at 561, 112 S.Ct. at 2137.

As discussed above, plaintiffs have presented evidence that, if Hewlett–Packard must include the value of ERISA-plan benefits in calculating injured employees' workers' compensation benefits, it will "charge" the added cost to the employees participating in the plans or to the plans themselves. (*See* Pls.' Resp. to Def.'s Mot. for Summ. J., Ex. 1 [Answers to Interrogs. at 3].) In this way, either plan participants or the plans themselves will suffer. Thus, I conclude that plaintiffs have shown, for purposes of summary judgment, both injury in fact and substantial causal connection between the sections of the Workers' Compensation Act at issue and plaintiffs' purported injury. *See Lujan,* 504 U.S. at 562, 112 S.Ct. at 2136–37.

Finally, I find that a ruling in plaintiffs' favor on the preemption issue will likely permit redress of plaintiffs' alleged injury. Thus, plaintiffs have satisfied the third standing requirement. *See id.,* 504 U.S. at 562, 112 S.Ct. at 2137. Accordingly, plaintiffs have met their burden of demonstrating standing for purposes of summary judgment. *See id.* at 562, 112 S.Ct. at 2136–37. I therefore deny defendant's motion for summary judgment as well as her motion to discuss insofar as they contend that plaintiffs lack standing to bring this action.

### 4. *ERISA Preemption*

As indicated above, both parties move for summary judgment on the question of whether ERISA preempts the Workers' Compensation Act to the extent that it requires employers to include the value of ERISA-plan benefits in calculating an employee's average wage for workers' compensation purposes. Because I described the summary-judgment standard above, I need not repeat it here.

The parties agree that the Workers' Compensation Act, as effective in May 1989, governs the calculation of the workers' compensation benefits to which defendant is entitled. (*See* Pls.' Summ. J. Br. at 9; Def.'s Summ. J. Br. at 4–5 & n. 1.) Thus, this order and memorandum of decision considers only whether ERISA

---

**2.** Hewlett–Packard is before the court only in its fiduciary capacity. (*See* Compl. for Declaratory J. ¶ 5.)

preempts Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987). It does not address whether Colo.Rev.Stat. §§ 8–40–201(19) and 8–42–102 (1998) are preempted. *See Flast v. Cohen*, 392 U.S. 83, 96–97, 88 S.Ct. 1942, 1950–51, 20 L.Ed.2d 947 (1968) (explaining rule against advisory opinions).

Section 8–47–101(1)–(2) of the Workers' Compensation Act, as effective in May 1989, provided:

> (1) The average weekly wage of an injured employee shall be taken as the basis upon which to compute [workers'] compensation payments.
>
> (2) . . . the term "wages" shall include the reasonable value of board, rent, housing, lodging, or any other similar advantages received from the employer. . . .

Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987). ERISA's preemption clause provides:

> Except as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [governed by ERISA] . . . .

29 U.S.C.A. § 1144(a). According to plaintiffs, Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987) "relates to" ERISA-governed employee benefit plans to the extent that it requires the value of ERISA-plan benefits to be included in calculating an injured employee's workers' compensation award.

 Whether ERISA preempts a state law turns on Congress's intent in enacting the preemption clause. *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987); *see also Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983). A court must begin a preemption analysis with the presumption that "Congress did not intend to supplant state law." *Travelers Ins. Co.*, 514 U.S. at 654, 115 S.Ct. at 1676.

 In *Travelers Insurance Company*, the Supreme Court concluded, after reviewing the legislative history of ERISA that Congress's aim in enacting the preemption clause was "to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Id.* at 657, 115 S.Ct. at 1677–78. Similarly in *Ingersoll–Rand Co. v. McClendon*, the Court found that Congress's goal was "to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 142, 111 S.Ct. 478, 484, 112 L.Ed.2d 474 (1990). Thus, state laws which mandate employee-benefit structure or plan administration, or provide alternate enforcement mechanisms "relate to" ERISA plans and, consequently, are preempted under section 1144(a). *Travelers Ins. Co.*, 514 U.S. at 657–58, 115 S.Ct. at 1678. By contrast, state laws which have only an indirect economic influence on ERISA-governed plans, and do not bind plan administrators in a particular way, preclude uniform administrative practice, or preclude provision of a uniform interstate benefit package, do not "relate to" ERISA plans within the meaning of section 1144(a) and, thus, are not thereby preempted. *Id.* at 659–60, 115 S.Ct. at 1679; *see also Airparts Co. v. Custom Benefit Servs. of Austin*, 28 F.3d 1062, 1065 (10th Cir.1994) ("[I]f there is no effect on the relations among the principal ERISA entities—the employer, the plan, the plan fiduciaries, and the beneficiaries—there is no preemption."); *Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752, 754 (10th Cir.1991) ("When a state law 'does not affect the structure, the administration, or the type of benefits provided by an ERISA plan, the mere fact that the [law] has some economic impact on the plan does not require that the [law] be invali-

dated.'") (quoting *Rebaldo v. Cuomo*, 749 F.2d 133, 139 [2d Cir.1984].) I conclude that Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987) falls into the latter category.

■ As discussed above, including the value of ERISA-plan benefits in calculating workers' compensation benefits will produce only an indirect economic impact on Hewlett–Packard ERISA-plan participants and the plans themselves. To be sure, as plaintiffs assert, the inclusion will increase the amount of workers' compensation benefits which Hewlett–Packard must pay out. As defendant points out, however, Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987) does not require Hewlett–Packard to "charge" the added cost to plan participants or the plans themselves.[3] Further, the mere fact that application of the statute may decrease the coffers of the ERISA plans does not mean that the statute "relates to" the plans. *See Airparts Co.*, 28 F.3d at 1066 (the fact that recovery on state-law claims would increase the coffers of the ERISA plan and defeat would mean a loss of money expended in fruitless litigation was too tangential an effect for the claims to "relate to" the ERISA plan). Additionally, the sections of the Workers' Compensation Act at issue do not bind plan administrators, or prevent them from maintaining a uniform administrative practice or providing a uniform interstate benefit package. Thus, section 8–47–101(1)–(2) of the Workers' Compensation Act, as in effect in May 1989, is not the type of law which Congress intended ERISA to preempt. *See Travelers Ins. Co.*, 514 U.S. at 655, 115 S.Ct. at 1679.

Plaintiffs rely primarily on *District of Columbia v. Greater Washington Board of Trade*, 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992), wherein the Supreme Court held that the District of Columbia's Workers' Compensation Equity Amend-

ment Act was preempted, as support for their preemption argument. The District of Columbia's Workers' Compensation Equity Amendment Act required employers who provided health insurance for employees to provide equivalent insurance for injured employees receiving workers' compensation benefits. *Id.* at 128, 113 S.Ct at 582. Thus, the law impacted plan administration by mandating that certain individuals be included in ERISA-covered plans. *Id.* at 128, 113 S.Ct. at 582. The law therefore implicated Congress's concerns in enacting the preemption clause. *See Travelers Ins. Co.*, 514 U.S. at 656–57, 115 S.Ct. at 1677–78. In arguing that *Greater Washington Board of Trade* directs a finding of preemption in this case, plaintiffs emphasize the Supreme Court's statement that "any state law imposing requirements by reference to [ERISA-covered] programs must yield to ERISA." *Greater Washington Bd. of Trade*, 506 U.S. at 131–32, 113 S.Ct at 584. According to plaintiffs, because the workers' compensation law at issue here requires an employer to include the "advantages" it provides its employees, which include ERISA-covered plans, in calculating workers' compensation benefits, the law "refers to" ERISA-covered plans within the meaning of *Greater Washington Board of Trade*.

The Supreme Court's recent elucidation of the meaning of "refers to" in *California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.*, 519 U.S. 316, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997), forecloses plaintiffs' argument. The case involved California's prevailing wage law to the extent the law prohibited employers from paying apprentice wages to apprentices trained in unapproved apprenticeship programs. *Id.*, 117 S.Ct. at 835. The Supreme Court held that the prevailing wage law did not "refer to" ERISA plans because it did not apply

**3.** In this way, the case at bar is distinguishable from *NYSA–ILA Medical and Clinical Serv. Fund v. Axelrod*, 74 F.3d 28 (2d Cir. 1996), which plaintiffs cite in support of their preemption argument. The statute at issue in

*Axelrod* "deplete[d] the [assets earmarked for the provision of ERISA-plan benefits] *directly*, and thus ha[d] an *immediate impact* on the operations of an ERISA plan." *Id.* at 30 (emphasis supplied).

exclusively to ERISA-covered programs and included programs funded by employers' general assets. *Id.*, at 838–39. The Court recognized that "[b]enefits paid out of an employer's general assets [as opposed funds accumulated to finance employee benefits] present[ ] risks indistinguishable from 'the danger of defeated expectations of wages for services performed,' a hazard with which ERISA is unconcerned." *Id.* (quotation omitted). Likewise here, the Colorado Workers' Compensation Act requirement that employer-provided benefits be included in the calculation of an employee's average weekly wage makes no reference to how the advantages are funded. Colo.Rev.Stat. § 8–47–101(1)–(2). The requirement applies to benefits paid from employers' general assets as well as those paid from funds specifically accumulated to finance employee benefits. Thus, like the California prevailing-wage law, section 8–47–101(1)–(2) is indifferent to funding. It therefore does not "refer to" ERISA-covered plans. *See California Division of Labor Standards Enforcement*, 117 S.Ct. at 838–39.

To be sure, ERISA may sometimes preempt a state law which indirectly affects an ERISA-governed plan. *See Travelers Ins. Co.*, 514 U.S. at 668, 115 S.Ct. at 1683. Here, however, including the value of benefits provided through ERISA-governed plans in the calculation of workers' compensation benefits pursuant to Colo. Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp. 1987) does not implicate any of the congressional concerns behind 29 U.S.C.A. § 1144(a). Thus, I conclude that ERISA does not preempt Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987). *See Travelers Ins. Co.*, 514 U.S. at 668, 115 S.Ct. at 1683; *see also Ciampi v. Hannaford Bros. Co.*, 681 A.2d 4, 9 (Me.1996) (concluding that ERISA does not preempt Maine's calculation of weekly workers' compensation benefits "based on a fair estimate of an employee's earning capacity by including an employee's fringe benefits"), *cert. denied*, 519 U.S. 1056, 117 S.Ct. 685, 136 L.Ed.2d 610 (1997).

### 5. Conclusion

Based on the foregoing, it is therefore

ORDERED that

1. Plaintiffs' motion for summary judgment is DENIED.

2. Defendant's motion to dismiss is DENIED.

3. Defendant's motion for summary judgment is GRANTED in part and DENIED in part.

4. Defendant's motion for summary judgment is GRANTED to the extent that it asserts that ERISA does not preempt Colo.Rev.Stat. § 8–47–101(1)–(2) (1986 & Supp.1987).

5. Defendant's motion for summary judgment is DENIED in all other respects.

6. This case is hereby dismissed.