UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CATHERINE L. GLENCOE,
       *Plaintiff-Appellant,*

v.

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA, a New
York Corporation,
       *Defendant-Appellee.*

No. 99-2417

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-99-15-2)

Argued: September 26, 2000

Decided: October 19, 2000

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

**ARGUED:** William H. Scharf, Charleston, West Virginia, for Appellant. Earle Duncan Getchell, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, Richmond, Virginia, for Appellee. **ON BRIEF:** Sean F. Murphy, David R. Weiser, MCGUIRE, WOODS, BATTLE & BOOTHE, McLean, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Catherine Glencoe, in a derivative and individual capacity, sued Teachers Insurance and Annuity Association of America (TIAA) under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), and § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), alleging that TIAA breached a fiduciary duty in managing a Tax Sheltered Annuity (TSA). The district court granted summary judgment to TIAA on the grounds that TIAA did not breach a fiduciary duty and that ERISA does not authorize the relief sought by Glencoe. We affirm.

I.

We state the facts in the light most favorable to Glencoe, the non-movant in the summary judgment proceedings. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Glencoe's father died in March 1991, and she was the designated beneficiary of a TSA that her father had maintained with TIAA. Income from a TSA is not taxed until it is withdrawn from the account. *See* 26 U.S.C. § 403(b). Glencoe alleges that TIAA benefit counselors gave her incorrect tax advice, telling her that in order to avoid substantial tax penalties she was required to withdraw the entire amount within five years of her father's death. In fact, tax laws allowed her to keep the funds in the TSA for her lifetime as long as she made certain minimum withdrawals each year. Glencoe claims that she relied on this incorrect advice in withdrawing most of the funds from the TSA. She alleges that she would have left the maximum amount possible in the TSA if TIAA had not provided her with incorrect advice. Glencoe seeks "restitution" to the fund not only for the amount of tax she paid upon withdrawal of the funds but also for the total amount of money she withdrew.

## II.

Extracontractual damages are prohibited under ERISA §§ 502(a)(2) and 502(a)(3)(B).* *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-56 (1993) (interpreting § 502(a)(3)(B)); *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985) (interpreting § 502(a)(2)). Although Glencoe characterizes her claim for the tax she paid as one of restitution, she is really seeking extracontractual damages. *See Farr v. U.S. West Communications, Inc.*, 151 F.3d 908, 916 (9th Cir. 1998) ("Plaintiffs may not recover their tax benefit losses under § 502(a)(3) despite the fact that that conclusion leaves Plaintiffs without a remedy for an alleged breach of fiduciary duty under ERISA."); *Novak v. Andersen Corp.*, 962 F.2d 757, 761 (8th Cir. 1992) (holding that ERISA does not authorize relief for tax losses associated with employer's failure to give statutorily required notice of rollover option).

Even if Glencoe's claim for the tax burden is characterized as one for compensatory, rather than extracontractual damages, ERISA still prohibits relief. Glencoe may not recover under § 502(a)(2) because she is clearly seeking personal damages, rather than damages on behalf of the plan itself. *See Russell*, 473 U.S. at 144 ("Congress did not intend . . . to authorize any relief except for the plan itself."). She may not recover under § 502(a)(3)(B) because compensatory damages are prohibited. *See Mertens*, 508 U.S. at 255 (holding that relief available includes "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)").

Finally, Glencoe is not entitled to a full restoration of all of the funds withdrawn. Even if ERISA otherwise allowed such a recovery, a full restoration of benefits would be a substantial windfall to Glencoe and therefore inequitable.

---

*Section 502(a)(2) provides that plan beneficiaries may seek relief under 29 U.S.C. § 1109. Section 1109(a) in turn provides that a plan fiduciary who breaches a fiduciary duty is liable for "equitable or remedial relief as the court may deem appropriate." Section 502(a)(3)(B) provides that plan beneficiaries may seek "appropriate equitable relief" to redress violations of the plan or ERISA.

Because we conclude that ERISA prohibits the relief Glencoe seeks, we need not decide whether TIAA breached a fiduciary duty. We therefore affirm the grant of summary judgment in favor of TIAA.

*AFFIRMED*